BRODY v. HARRIS.

1. AUTOMOBILES—GROSS NEGLIGENCE—EVIDENCE.
   Westbound motorist who drove car at speed in excess of 45 miles an hour on left side of concrete pavement in overtaking and passing truck, thereafter remained on left side of road and then left south side of pavement, drove over an embankment into a ditch where car was stopped by a telephone pole *held*, as a matter of law not guilty of gross negligence or wilful and wanton misconduct in action by person riding in the car (1 Comp. Laws 1929, § 4648).

---

Definition of recklessness or wilful and wanton misconduct, see 2 Restatement, Torts, § 500, special note, and comments.

2. SAME—PAYMENT OF PART OF EXPENSES—GUEST PASSENGER.

> Plaintiff who had been a friend of defendant for many years and was invited by latter to accompany herself and two daughters on motor trip to visit the World's Fair at New York without a fare having been exacted as a condition precedent to accompanying defendant but had voluntarily paid latter a share of the cost of the gasoline and oil and perhaps of some other expenses and had assisted in driving was a guest passenger (1 Comp. Laws 1929, § 4648).

3. SAME—SHARING OF EXPENSES ON PLEASURE TRIPS.

> The sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger for hire one who, without such exchange, would be a guest, and consequently is not payment for the transportation.

4. SAME—ASSISTANCE IN DRIVING CAR—GUESTS—PASSENGER FOR HIRE.

> A passenger's assistance in driving a car does not change the relationship to the owner from that of guest to one of passenger for hire.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AUTOMOBILES—JOINT ADVENTURES—PASSENGER FOR HIRE.

> Question of whether or not plaintiff who accompanied defendant and her two daughters on a pleasure trip by car was a co-adventurer is not considered on appeal in view of determination that relationship which existed was that of host and guest although existence of relationship of joint adventure would be a defense to plaintiff's claim of being a passenger for hire.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 11, 1944. (Docket No. 41, Calendar No. 42,579.) Decided February 24, 1944.

Case by Jennie Brody against Sara C. Harris for personal injuries sustained in an automobile accident. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Hooper & Hooper* (*Rubenstein & Becker,* of counsel), for plaintiff.

*Frank B. DeVine* (*Burke & Burke,* of counsel.), for defendant.

BUTZEL, J.    Defendant, while visiting her former home in Des Moines, Iowa, met plaintiff at a social function.    They and their families were old friends. A conversation arose in which defendant stated that she contemplated an automobile trip with her two daughters to New York to visit the World's Fair. She invited plaintiff to accompany them and told her she could help with the driving.    The latter stated that her mother was not well, and, also, that she did not feel that she could afford to go.    Defendant told her that there would be no expense and, as they were going anyhow, plaintiff might as well have the pleasure of riding with them, since there was an extra seat in the car.    Plaintiff testified that she replied that, while she would be glad to help in the driving, she would not go unless she could pay her way; she would not take a vacation trip unless she could afford it.    Very shortly thereafter plaintiff telephoned to defendant that she had decided to accompany her on the trip and said, "You remember I won't go unless I pay my share of the expenses."

The parties traveled in defendant's automobile to New York.    Plaintiff drove part of the time.    She paid for her own individual hotel accommodations and other expenses and did pay toward the cost of gasoline and oil.    She made some payments to defendant, others to her daughters, for her share of such cost.    Some kind of record was made in a small book of the gasoline and oil purchased.    The mileage and places where the parties rested at night were entered in the book.    Evidently a very strict account was not kept of all of the expenses so as to enable plaintiff to share in them.    Defendant had a credit card from an oil company and this was used

from time to time at the company's stations. Plaintiff did try to keep up her end of the expenses but she did not, nor was she asked to, pay her share of all of them. Her recollection of such payments is not clear. She admits that she paid nothing toward the cost of transportation of the car by boat from Buffalo to Detroit when the entire party made the return trip by boat.

On the return trip west, as they were approaching Saline, Michigan, defendant, who was driving, drove on to the south lane of the road in order to pass a truck. After passing the truck, the car did not immediately return to the north lane but continued on the concrete pavement of the south lane for a short distance and then left the road, traveled on to the gravel to the south of the road for 60 to 75 feet, and then it went over an embankment. It was stopped in the ditch by a telegraph pole which it struck with tremendous force. Plaintiff evidently was asleep when the accident occurred. Defendant also had no memory of what occurred. The only witness of the accident, who was able to tell what occurred, was the driver of the truck which was passed by the car. He stated that it looked as if an attempt had been made to drive the car back on to the road after it left the concrete. The car was driven at a speed in excess of 45 miles per hour. Plaintiff, who was seated in the back seat, suffered injuries of the severest nature. Some of them are permanent.

There does not seem to be much dispute about the facts in regard to the accident, but we find as a matter of law that they do not show gross negligence nor wilful and wanton misconduct. Notwithstanding some doubts expressed by the trial judge, we shall assume that there was ordinary negligence and that the accident was not due to a faulty wheel.

The trial judge directed a verdict for defendant on the ground that the plaintiff was a guest passenger under the statute,* and if not, plaintiff and defendant were joint adventurers. We believe that plaintiff was a guest both in the popular as well as the technical legal meaning of that term. She was invited to accompany defendant and her daughters as a token of friendship. No fare was exacted of her as a condition precedent to her going. She insisted for her own satisfaction on paying a share of the cost of the oil and gasoline. She may have paid a share of some but not of all other expenses incurred in the operation, transportation and general maintenance of the car. A fair reading of the record convinces us that there was no contract of hire; defendant simply acceded to the request of a guest that she be permitted to pay a share of the expenses on a pleasure trip. The question is not a new one. In *Bushouse* v. *Brom,* 297 Mich. 616, 627, 628, we quoted with approval the following excerpt from *McCann* v. *Hoffman,* 9 Cal. (2d) 279, 285 (70 Pac. [2d] 909):

" 'The great weight of authority is to the effect that the sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation. * * *

" 'Therefore, where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of

---

* 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).—Reporter.

the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure.' "

In *Re Harper's Estate,* 294 Mich. 453, we stated that a passenger's assistance in driving a car did not change the relationship from that of guest to one of hire.

The trial judge stated that even if there was not a guest relationship, at least there was one of joint venture. Plaintiff claimed that such defense was not pleaded. It would have been better practice to have pleaded it, nevertheless the question was directly raised. The existence of such relationship would be a defense to plaintiff's claim in her declaration that she was a passenger for hire. Nevertheless, we do not believe it necessary to consider the question whether the parties were co-adventurers.

Judgment affirmed, with costs to defendant.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.