417 P.2d 664

Thomas E. HALL, Guardian of the Persons and Estates of Ludeen Hall Winegar, an Incompetent, and her children, ReNae Harry Dean, Garth Hall, Anna, Amy, Chel Joseph and Marka Winegar, Plaintiffs and Appellants,

v.

Don BLACKHAM, Guardian ad litem for Michael H. McCaffery, a minor, Keith McCaffery, Pat McCaffery, and Byron Deleeuw, Defendants and Respondents.

No. 10423.

Supreme Court of Utah.

Aug. 17, 1966.

Mark & Schoenhals, Salt Lake City, for appellant.

Glenn C. Hanni, Salt Lake City, for respondent.

McDONOUGH, Justice.

This action arises out of an automobile accident. The jury returned a special verdict in favor of the defendant, Byron Deleeuw, and against the plaintiffs; a special verdict against defendant Michael H. McCaffery, driver of the automobile, and in favor of the plaintiffs. Judgment was entered and damages awarded as per the jury's findings against Don Blackham, Guardian ad litem for Michael H. McCaffery, a minor, Keith McCaffery and Pat McCaffery in the sum of $35,000 for the wrongful death of Harry Winegar and in the sum of $30,-000 general damages and $8,033.61 special

damages for injuries sustained by Ludeen Hall Winegar as a result of the accident. Plaintiffs appeal as to that portion of the verdict in favor of Deleeuw.

Plaintiffs contend that the court erred 1) in not submitting the issue of joint venture to the jury; 2) in not granting a new trial for alleged misconduct of defendants' counsel; and 3) in the instructions given to the jury.

The accident occurred at approximately 3:15 p. m. on October 12, 1962, on a slight curve as defendants' automobile was proceeding on Highway 89 about one and one-half to two miles from Gunnison. Defendants' car proceeded easterly, the plaintiffs' car westerly. Prior to the accident Michael McCaffery, Keith McCaffery, Byron Deleeuw and James K. Sorenson had been duck hunting. They had returned to Gunnison. They stopped at a tavern for about 15 minutes and asked Michael to go to the store to get groceries to make sandwiches. Returning, Michael was requested to drive by his brother, Keith, in whose car they were traveling. Michael took the driver's position in the car with Deleeuw seated in the front seat next to him and Keith McCaffery and James Sorenson in the back. As they proceeded the passengers in the back seat began to make sandwiches. The first sandwich was handed to Deleeuw who in turn handed it to Michael McCaffery. There is a conflict in the evidence as to just how long before the accident occurred the sandwich was handed to Mike—it being anywhere from three-quarters of a mile before the accident to immediately prior to the accident. The plaintiffs claim that the handing of the sandwich to Mike distracted his attention and thereafter the collision occurred. The driver of the other car, Harry Winegar, died as a result of the accident and his wife, Ludeen Hall Winegar, passenger in the automobile, was seriously injured.

Where the parties have been afforded a trial a presumption arises that the judgment should not be disturbed unless the one attacking it meets the burden of showing error substantial and prejudicial in the sense that there is reasonable likelihood that the result would have been different in absence of such error.[1]

We are not persuaded that the trial court was in error in not instructing the jury on the question of joint venture. The mere association of persons riding together in an automobile belonging to one of them for a common purpose of pleasure such as was done here does not provide a sufficient basis for a finding of joint venture.[2]

1. See In re Baxter's Estate, 16 Utah 2d 284, 399 P.2d 442 (1965); Rivas v. Pacific Finance Co., 16 Utah 2d 183, 397 P.2d 990 (1964); See also Rule 61, U.R. C.P.

2. Greenhalgh v. Green, 16 Utah 2d 221, 398 P.2d 691, Feb. 2, 1965, Per Curiam; Favatella v. Poulsen, 17 Utah 2d 24, 403 P.2d 918, July 7, 1965, Henriod.

In the present case the only purpose of the trip was duck hunting among friends, a trip from which they were returning. In that sense there was a common purpose, but no decision ever imputed the driver's negligence to the guests just because they were all pleasure riding and meant to enjoy themselves together or separately at the journey's end. It cannot be said that because Deleeuw took a position in the front seat next to the driver, or that because he handed a sandwich to the driver, or even if he had in fact paid for the sandwich materials, that he was given a right to control the automobile. When the owner is present in the car and another is driving, a rebuttable presumption arises without more being shown that the owner has the right of control, and that the driver is driving for him, that is, as his agent,[3] but that does not create a joint enterprise between all or any of the other passengers in the automobile. If we were to conclude as the plaintiffs request that there was a joint venture, the doctrine of joint enterprise would be applied to situations which are in fact only matters of friendly or social cooperation and accommodation where the reason for placing liability upon the participants is not the same as if they were engaged in business or a commercial venture.[4]

Where the trial is by jury it is the province of the court to decide questions of law as distinguished from questions of fact. In the performance of that duty it is incumbent upon the court to instruct the jury on the law applicable to the theories of both parties insofar as such theories are supported by some evidence. Where the evidence is such that all reasonable minds would agree, there is no substantial dispute and thus no issue of fact for the jury to determine, and the court rules as a matter of law.[5]

The plaintiffs contend that prejudicial error was committed by defendants' counsel where, in his closing argument, he made a statement to the effect that Deleeuw should not be compelled to pay a judgment that the jury might render unless they determined that he was at fault under the court's instructions. The alleged statement is not included in the record, as the closing arguments were not recorded. But nevertheless the court admonished the jury that they were not to consider by whom or how the judgment was to be satisfied, but that they were to give an honest opinion and that the

3. See Fox v. Lavender, 89 Utah 115, 56 P.2d 1049, 109 A.L.R. 105 (1936).

4. See Schmid v. Eslick, 181 Kan. 997, 317 P.2d 459 (1957).

5. See Kimiko Toma v. Utah Power and Light Company, 12 Utah 2d 278, 365 P.2d 788 (1961); Hunter v. Brand, 186 Kan. 415, 350 P.2d 805 (1960); Schmid v. Eslick, supra note 4.

law would give or withhold. The facts do not sustain the contention of prejudicial error.

The plaintiffs lastly contend that the court committed prejudicial error in Instruction No. 13 which was given to the jury. The portion claimed as error is as follows:

"If you find * * * that what Deleeuw did or failed to do contributed in any substantial degree as a proximate cause of the collision you should find that de-fendant Byron Deleeuw was negligent."

▮▮▮ The plaintiffs contend that the word "substantial" modified negligence rather than proximate cause and was therefore an incorrect statement of the law. With this contention we cannot agree. From reading the instruction it appears that "substantial" was intended to modify proximate cause, which was a correct statement of the law. Negligence that is committed must be a substantial or material factor in bringing about the harm or result in order to constitute the proximate cause of the accident.[6] It is true as is contended by the plaintiff that where two parties are negligent and both are the proximate cause of the accident, it can make no difference as to the relative degrees of negligence of either participant, but the mere fact that both are negligent without both being the proximate cause will not make both liable. Instruction No. 13 as given by the court may not have been entirely clear, but the court in Instruction No. 11 properly defined the terms "negligently" and "proximate cause." Also, the court submitted the following questions to the jury with regard to Byron Deleeuw: 1) "* * * was Byron Deleeuw negligent?" and 2) "If so was the negligence a proximate cause of the accident?" Both questions were answered in the negative by the jury. Reading Instruction No. 13 with the other instructions that were given, we do not think that prejudicial error was committed. Nor do we think error was committed because the court wrote the word "substantial" in ink in the typewritten instruction. The court made numerous corrections and additions in ink. It is difficult to see how one of these corrections drew such attention as to prejudice plaintiffs' case.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and CROCKETT and CALLISTER, JJ., concur.

WADE, J., heard the arguments, but died before the opinion was filed.

6. See Restatement of the Law, Torts, § 431. See Devine v. Cook, 3 Utah 2d 134, 279 P.2d 1073 (1955).