434 P.2d 754

Sharon **ROBERTS**, Plaintiff and Appellant,

v.

**TRACKWORK CONSTRUCTION COM-
PANY**, Defendant and Respondent.

No. 10862.

Supreme Court of Utah.

Dec. 5, 1967.

LaMar Duncan, Donald Sawaya, Salt Lake City, for appellant.

Hanson & Baldwin, H. Wayne Wadsworth, Salt Lake City, for respondent.

TUCKETT, Justice:

Sharon Roberts, plaintiff, commenced this action seeking to recover for damage to her automobile and for personal injuries which she claims resulted from the defendant's negligence. From an adverse verdict and judgment the plaintiff appeals to this court.

Mrs. Roberts was employed at the Tooele Army Depot at Tooele, Utah. During the afternoon of November 5, 1965, Mrs. Roberts was driving her automobile in a westerly direction on a road at the army base. The road traversed a railway crossing consisting of two sets of tracks. Immediately east of the tracks the road dipped sharply to the first set of tracks where it leveled off and again dipped downward where it again leveled off and crossed the westernmost set of tracks. Prior to November 5, 1965, the defendant Construction Company had been employed to install heavier rails to replace the rails then in use. The new rails were one and one-quarter inches higher than the rails they replaced. The work of the defendant Construction Company had been completed at the point in question except for placing concrete between the rails as a part of the roadway. As Mrs. Roberts was traversing the railway crossing, the front of her automobile struck the westernmost railroad rail and came to an abrupt stop. Approximately 69 feet of the newly installed rail was pulled loose from its moorings by the force of the impact. As a result of the impact Mrs. Roberts' car was damaged and she was thrown against the interior portion of the automobile, resulting in injuries for which she now seeks recovery.

Mrs. Roberts contends that the Construction Company was negligent in installing the rail in question in such a high position as to constitute a hazard to vehicles, and that it failed to warn drivers of the hazardous condition. The Construction Company claims that Mrs. Roberts was guilty of contributory negligence in failing to maintain a proper lookout and in operating her automobile at an excessive rate of speed in view of the conditions existing at the time and place of the accident.

The case was submitted to the jury on a special verdict. The jury found that the Construction Company was negligent in that it did not warn the plaintiff by signs or otherwise of the danger in crossing the tracks. The jury further found that the negligence of the defendant was the proximate cause of the plaintiff's car striking the rail. On the issue of the plaintiff's contributory negligence the jury found that Mrs. Roberts was guilty of negligence in failing to maintain a proper lookout and in driving too fast for the general condition of the road. The jury did not answer the interrogatories submitted pertaining to the damages suffered by Mrs. Roberts. The court entered a judgment of no cause of action based upon the jury's findings.

Mrs. Roberts is here contending that she is entitled to a reversal of the judgment of the court below upon the ground that she was entitled to a directed verdict in her favor, and that the court erred in entering a judgment upon the findings of the jury which were inconsistent.

If the findings of the jury on the issue of the plaintiff's contributory negligence are based upon substantial evidence, those findings would dispose of the plaintiff's case,[1] and it would be unnecessary for us to consider whether or not those findings are inconsistent. We are of the opinion that there is ample evidence to support the jury's findings. There was evidence before the jury which would indicate that the front suspension system and tires on the Roberts' automobile were worn to such an extent that the clearance between the ground and the undercarriage of the vehicle was reduced. There was evidence that a portion of frame of the car had dug into the surface of the road a short distance before striking the rail. Driving the automobile at a rapid rate would tend to increase the bouncing motion of the vehicle in traversing the dips and the rails. The physical evidence, as well as the testimony, would indicate that Mrs. Roberts' automobile could not safely cross the tracks at the speed it was traveling at the time of the accident. There was evidence from which the jury could conclude that Mrs. Roberts failed to see what was in clear view before her.

We are of the opinion that the findings of the jury respecting Mrs. Roberts' contributory negligence are based upon ample evidence, and that the findings should not be disturbed. In view of the jury's findings,

Mrs. Roberts is not entitled to a judgment, and the judgment of the court below is affirmed. Costs to the defendant.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

1. Hall v. Blackham, 18 Utah 2d 164, 417 P.2d 664, and cases cited therein.