438 P.2d 702

**Michael MUKASEY, Plaintiff and Appellant,**

v.

**Robert S. AARON, Defendant and Respondent.**

**No. 11008.**

Supreme Court of Utah.

March 15, 1968.

Rawlings, Wallace, Roberts & Black, Richard C. Dibblee, Salt Lake City, for plaintiff and appellant.

· Bayle, Hurd & Lauchnor, Wallace R. Lauchnor, Salt Lake City, for defendant and respondent.

TUCKETT, Justice.

The plaintiff commenced this action to recover for personal injuries arising out of an automobile accident. At the time of the pretrial the lower court granted a summary judgment in favor of the defendant and against the plaintiff.

The plaintiff was a resident of the State of New York and the defendant was a resident of New Jersey. The parties were college students and friends. During the summer of 1963 they decided to travel together to the western part of the United States to seek employment and to see the

West. After working at various jobs in the states of Utah and Colorado, the plaintiff and defendant decided to proceed to California to visit with defendant's brother. They proceeded to the city of Denver where they contacted the Atlantic-Pacific Drive-Aways Company which had an automobile to be driven to Los Angeles, California. Mukasey signed a contract with the company and made a $25 deposit pursuant to the terms of the contract. The owner of the automobile was Felix Chevrolet Company of Los Angeles, California, and the Drive-Aways Company at Denver, Colorado, was the agent of the owner in securing a driver to take the automobile to California. One of the provisions of the contract entered into by the plaintiff was as follows:

> I have agreed to drive the owner's car alone, and that I will not pick up passengers, hitchhikers, etc., nor will I use said car for towing or trucking purposes.

The court at the time of the pretrial had before it the depositions of the plaintiff and the defendant which contained the testimony of the parties which would have been submitted to the court or to a jury upon trial of the case. The testimony of the parties is essentially without conflict.

After the plaintiff had taken possession of the automobile from the Drive-Aways Company, the plaintiff and the defendant proceeded on the way toward California. The plaintiff and the defendant agreed that they would share the expenses of the automobile and that they would share the driving of the automobile to Los Angeles. After leaving Denver they proceeded to a place near Huntington, Utah, where they slept in the car over night. The following morning the defendant drove the automobile as they proceeded on their way. The weather was clear and the day was sunny and warm. Visibility was good. As the defendant approached a curve to the left at a speed of approximately 50 miles per hour the automobile left the highway and overturned. Both the plaintiff and defendant were injured. It appears that the accident occurred because either the defendant failed to observe the sharpness of the curve or that he failed to slow the automobile sufficiently to permit the curve to be negotiated with safety.

The plaintiff claims that the defendant was guilty of willful misconduct in approaching the curve at a speed of 50 miles per hour without maintaining a proper lookout and in failing to observe that the curve could not be negotiated at that rate of speed.[1]

The trial court was of the opinion that the evidence construed most favorably in

---

1. In the trial court the plaintiff advanced two contentions which he claimed made Section 41–9–1, U.C.A.1953 (The Guest Statute), inapplicable, viz., (1) that the defendant was guilty of willful misconduct in the operation of the automobile; and

support of the plaintiff's position would not show that the defendant was guilty of more than simple negligence, and further that there was no issue of willful misconduct to submit to a jury. With this we agree.

■ The plaintiff further contends that he and the defendant were engaged in a joint enterprise, and that negligence on the part of defendant in the operation of the motor vehicle entitles the plaintiff to recovery without a showing of willful misconduct. We are in accord with the general rule that if the parties were engaged in a joint enterprise that relationship would be sufficient to remove the case from the provisions of the guest statute. We are also in accord with the rule that where the existence of the relationship is an issue the question is one of fact to be determined by the court or the jury as finder of the fact. At the time of the pretrial the testimony of the witnesses was before the court.

■ The relationship of a joint enterprise generally arises by way of contract.[2] The restatement of law [3] sets forth the elements which are essential to the establishment of a joint enterprise as follows:

The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

■ We are of the opinion that the evidence of record viewed most favorably in behalf of the plaintiff would not show that the parties were engaged in a joint enterprise. The testimony would at most show that the parties had agreed to travel to California for the purpose of seeking employment; for the purpose of seeing the western states; and for the purpose of visiting friends and relatives. The evidence fails to show that the object of the journey involved a common business purpose or that a financial or pecuniary interest was involved which is essential to show that the parties were engaged in a joint venture or joint enterprise.[4]

(2) that the plaintiff and defendant were engaged in a joint enterprise. The plaintiff's contentions on appeal are the same. That we do not consider matters not raised by the parties see Hamilton v. Salt Lake County Sewerage Imp. Dist. No. 1, 15 Utah 2d 216, 390 P.2d 235.

2. Carboneau v. Peterson, 1 Wash.2d 347, 95 P.2d 1043.

3. Restatement of the Law, Torts, 2d, Section 491.

4. Hall v. Blackham, 18 Utah 2d 164, 417 P.2d 664; Brody v. Harris, 308 Mich. 234, 13 N.W.2d 273, 155 A.L.R. 573; Churchill v. Briggs, 225 Iowa 1187, 282 N.W. 280.

We are of the opinion that the court was correct in ruling that the evidence before it failed to show that a relationship of joint adventure or joint enterprise existed and that there was nothing to submit to a jury. We perceive no errors in the rulings of the court below and its decision is affirmed. Costs to the defendant.

CROCKETT, C. J., and CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting).

I dissent. The majority opinion compounds the error made in the trial court below by counsel and the trial judge. They all make the assumption that one riding in an automobile cannot recover from the driver except for injuries arising from willful misconduct or intoxication on the part of the driver. Our guest statute as set forth in Utah Code Annotated 1953 is as follows:

41-9-1. Responsibility of owner or driver of a vehicle to guest.—Any person *who as a guest* accepts a ride in any vehicle, moving upon any of the public highways of the state of Utah, *and while so riding as such guest* receives or sustains an injury, shall have no right of recovery against the *owner or driver or person responsible for the operation of such vehicle.* * * * Nothing in this section shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication or willful misconduct of such owner, driver or person responsible for the operation of such vehicle; * * * [Emphasis added.]

41-9-2. "Guest" defined. For the purpose of this section the term "guest" is hereby defined as being a person who accepts a ride in any vehicle without giving compensation therefor.

A casual reading of the statute shows that it is the *guest* who cannot recover from the *host*, and it matters not whether the host owns the automobile or is simply the person driving or responsible for the operation of the car. The purpose of the statute was to afford protection to the owner or other person in charge of an automobile who gives a free ride to a passenger. As is said in 60 C.J.S. Motor Vehicles § 399(3)b, at p. 995:

* * * [T]he apparent design and effect of such statutes are to make the duty of the host less onerous than before by relieving him of liability to his guest for mere failure to exercise due care and to make him liable only for such higher degree of misconduct provided for therein; * * *.

Guest statutes apply only to such persons or passengers as come within the contemplation of the particular statute, and as to

any other person the common law rules of care and liability govern. See 60 C.J.S., supra, p. 997.

The main opinion cites no case showing that a host cannot sue a guest when the host is injured by the ordinary negligent driving of the guest, and one would think that if there was such a case, it would have been cited. My research has revealed no case of such a nature, nor does it seem that the purpose of the statute is to give protection to one who is not furnishing a free ride to a guest.

While a guest driving his host's car stands in relation to other guests exactly as does the host,[1] this is a far different matter than the case where the host sustains injury as a result of the guest's negligent driving.

When a host permits his guest to drive the car, he makes the guest his agent for the purpose of driving the car, and the host does not become a guest of the driver so as to be covered by our guest statute above set out.

This matter was determined on a motion for summary judgment. Rule 56(c), U.R. C.P., as amended in 1955, provides as follows:

* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and that the moving party is entitled to a judgment as a matter of law.* * * * [Emphasis added.]

Here the trial court entered a summary judgment of dismissal, not because the defendant was entitled to it *as a matter of law,* but because the lawyer thought he had to show willful misconduct on the part of the guest driver. Plaintiff's counsel at pretrial contended that the defendant was negligent in three respects: (a) excessive speed, (b) improper lookout, and (c) failure to keep car under proper control, and that the combination thereof amounted to willful misconduct. The pretrial conference is the time when the court can and should simplify the issues. He should assist counsel in formulating issues, so that no miscarriage of justice will occur. It is not the function of the judge to sit passively by and allow a litigant to lose a perfectly good case simply because counsel may be making an argument based upon a false assumption as to what the law requires in the particular case.

Here the plaintiff was claiming negligent driving on the part of a guest; and despite the inability of the majority of this court to see the point, I think the trial judge should have noted that willful misconduct

1. Herzog v. Mittleman, 155 Or. 624, 65 P.2d 384, 109 A.L.R. 662 (1937).

was a necessary element for plaintiff to prove against the guest driver only if he sought punitive damages.

To give a guest who is driving his host's car the advantage of the guest statute is to rewrite the statute in its entirety and to set Utah apart from all other states of the Union in that regard.

This case should be remanded to the lower court for a trial of the issues of negligence on the part of the defendant and damages, if any, sustained by plaintiff as a result thereof. The plaintiff should have his costs incurred herein.