541 P.2d 604

**Homer EASTER, Plaintiff-Respondent,**

v.

**Murl McNABB, Defendant, Counter-claimant-Appellant,**

v.

**Homer EASTER et al., Counterdefendants-Respondents.**

No. 11889.

Supreme Court of Idaho.

Oct. 8, 1975.

Dennis M. Olsen, Petersen, Moss, Olsen & Beard, Idaho Falls, for appellant.

E. W. Pike and Jay B. Gaskill, Albaugh, Smith & Pike, Idaho Falls, and Thomas E. Moss, Stout & Moss, Blackfoot, for respondents.

DONALDSON, Justice.

This is an action for damages for injuries sustained by appellant Murl McNabb. McNabb was injured when the truck he was driving was struck by a car driven by Irwin Stoddard. Respondents, Homer Easter, Sam Cucchiara and Eugene Berry were passengers in the Stoddard vehicle. Stoddard and the respondents had just completed a three day fishing trip and were returning to their homes in Blackfoot when Stoddard crossed over the center of the highway and collided with McNabb. Stoddard was killed and Cucchiara, Easter and Berry was injured.

Stoddard's estate filed a negligence action against McNabb. McNabb counter-claimed and joined Cucchiara, Easter and

Berry as additional counterdefendants on a theory of joint enterprise—arguing Stoddard's negligence should be imputed to them as members of the joint enterprise.

Easter and Cucchiara each filed separate actions against McNabb and McNabb counterclaimed in both cases, again under the theory of joint enterprise.

Cucchiara, Berry and Easter filed motions for summary judgment as to McNabb's claim against them in all three cases. The three were consolidated and the court granted the motions stating there was no genuine and material issue of fact involving the claim against the respondents and found as a matter of law that respondents were not engaged in a joint enterprise and thus the negligence, if any, of the driver Stoddard could not be imputed to them. McNabb appeals.

The Court is thus faced with the question of whether the negligence of the driver-owner will be imputed to the other occupants of the car. To answer this question requires a reexamination of the decisions formulated by this Court regarding the doctrine of joint enterprise. It is upon the basis of these opinions that appellant McNabb asserts that the respondents were vicariously liable for the injuries he sustained upon the theory that respondents and Stoddard had undertaken a trip of common purpose and that all had an equal right of control over the conduct of each other. Respondents urge that the proper test for finding a joint enterprise requires that the common purpose be a pecuniary one.

This Court first faced the issue of joint enterprise in *Griffin v. Clark*, 55 Idaho 364, 42 P.2d 297 (1935), wherein the Court stated:

" * * * The general rule appears to be that in order to constitute a joint enterprise with relation to the operation of an automobile there must be a joint interest or community of interest in the purpose of the undertaking, and an equal right, express or implied, to exercise some control over the conduct of each other in respect thereto. * * *." *Griffin v. Clark, supra,* at 375, 42 P.2d at 302.

It appears that with the exception of *Griffin,* the Idaho courts have only found a joint enterprise to exist when there has been some commercial purpose shared by the occupants of the vehicle. In *Fawcett v. Irby,* 92 Idaho 48, 436 P.2d 714 (1968), the occupants were both insurance salesmen, while in *Grant v. Clarke,* 78 Idaho 412, 305 P.2d 752 (1957), the occupants were a motel owner and bookkeeper returning with books to the place of business. Thus, while *Griffin* established the definition of joint enterprise to include occasions of community interest, this court has since limited the doctrine to occasions of commercial interest. In addition, it should be noted that liability in *Griffin* did not rest solely on a theory of joint enterprise, but rather it was found that the occupants of the car were engaged in a "common and unlawful enterprise" in that the damages were the proximate result of false imprisonment committed by the defendant occupants. *Griffin v. Clark, supra,* 55 Idaho at 378, 42 P.2d 297.

In the instant case there is no alternative basis of liability, as there was in *Griffin,* and there is no pecuniary or commercial interest, as there was in *Fawcett* and *Grant.* The Court, faced with the prospect of applying the doctrine of *Griffin* as originally stated and without any limiting factors, will reconsider the doctrine of joint enterprise and modify it as later stated.

By way of history, we know that the law of partnership and the principles of agency serve as the foundation for the theory of joint enterprise. A step away from partnership is joint venture, a concept generally more limited in time and purpose than a partnership. Both partnerships and joint ventures exist only in a business or commercial setting. Joint enterprise, considered the third stage of development, is unique to American jurisprudence. American courts have applied the

**182**

theory almost exclusively to automobile cases, and in interpreting joint enterprise, some courts have retained the business character of partnerships and joint ventures as a requirement, while others have broadened the scope of the theory.[1]

 A codification of the business or commercial characterization of joint enterprise is set forth in the Restatement of Torts (Second) § 491 (1965), where it is stated at comment c:

> "The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. Whether these elements exist is frequently a question for the jury, under proper direction from the court."

The Court concludes that the more limited concept as set forth in the Restatement of Torts (Second) § 491, comment c, enunciates a more desirable policy and hereby adopts it. By limiting the application of the doctrine to an enterprise having a business or pecuniary purpose, we will be avoiding the imposition of a basically commercial concept to non-commercial situations which are more often matters of friendly or family cooperation and accommodation. *See*, Prosser, The Law of Torts § 72 (4th ed. 1971).

 Turning to the instant case, the injuries of the petitioner occurred from the collision of two vehicles. As we have stated, the respondents were returning from a fishing trip and had no pecuniary or commercial interest in the common purpose of

fishing and any negligence of Stoddard should not be imputed to the passenger-respondents so as to render them vicariously liable. We therefore find no error in the district court determination that there is no genuine and material issue of fact involving appellant's counterclaim against respondents, that as a matter of law no joint enterprise existed and that the counterclaim should be dismissed. The district court's granting of summary judgment is affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.

---

1. There is a definite split of authority as to the requirement of a community of pecuniary interest in joint enterprise automobile cases, the older cases holding it unnecessary (see, *Hurley v. City of Spokane*, 126 Wash. 213, 217 P. 1004 (1923); *Straffus v. Barclay*, 147 Tex. 600, 219 S.W.2d 65 (1949)), but the modern trend appears to require it. (See *Adams v. Treat*, 256 Or. 239, 472 P.2d 270 (1970); *Sumner v. Amacher*, 150 Mont. 544, 437 P.2d 630 (1968); *Babington v. Bogdanovic*, 7 Ill.App.3d 593, 288 N.E.2d 40 (1970)).