**UTAH FARM BUREAU MUTUAL IN-SURANCE COMPANY, Plaintiff and Respondent,**

v.

**Robert JOHNSON, Nationwide Insurance Company, Shirley A. Anderson, and Bear River Mutual Insurance Company, Defendants.**

**BEAR RIVER MUTUAL INSURANCE COMPANY, Third-Party Plaintiff and Appellant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Third-Party Defendant and Respondent.**

**No. 860021–CA.**

Court of Appeals of Utah.

June 9, 1987.

Thomas A. Duffin, Spafford, Dibb, Duffin & Jensen, Salt Lake City, for Shirley A. Anderson & Bear River.

Stephen G. Morgan, Morgan, Scalley & Reading, Salt Lake City, for Utah Farm Bureau, Mutual Ins. & Chinns.

Robert H. Henderson, Salt Lake City, for Nationwide.

Lawrence L. Summerhays, Barbara L. Maw, Salt Lake City, for State Farm.

Before DAVIDSON, GREENWOOD and JACKSON, JJ.

## OPINION

DAVIDSON, Judge:

Third-Party plaintiff appeals from an adverse ruling in a declaratory judgment action. We affirm.

During the early evening of December 26, 1980, Stacy Chinn was entrusted with the family car by her parents. Stacy, age 16, was a licensed driver and is the first permittee. The Chinn automobile was insured by Utah Farm Bureau Mutual Insurance Company (Farm Bureau). Stacy was allowed to drive to the apartment of Robert Johnson, age 18, to attend a party. Robert's driver's license had been previously revoked. Accompanying Stacy was her long-time friend Cathy Charlesworth, age 17, the second permittee. Cathy had taken a high school driver's education course, but was not a licensed driver. Cathy's family automobile was insured by State Farm Mutual Insurance Company (State Farm).

During the party, Robert attempted to borrow the keys to the Chinn car from Stacy. She refused, replying that her parents had instructed her not to lend their vehicle to anyone. Later, Cathy borrowed the car keys from Stacy to go to a nearby store to purchase mixers for the alcoholic beverages being served. At that time, Stacy believed her friend possessed a valid learner's permit. There is conflicting testimony whether Robert was to accompany Cathy.

After leaving the party, Robert took the keys from Cathy and would not return them. He insisted on driving so Cathy rode as a passenger. Robert drove to several locations after discovering the local store was closed. During his travels with the Chinn automobile, he ran a stop sign at a high rate of speed and crashed into a vehicle driven by Shirley A. Anderson, insured by Bear River Mutual Insurance Company (Bear River). She suffered severe injuries in the crash. Robert was found to be intoxicated. Robert's parents were insured by Nationwide Insurance Company (Nationwide) but he was uninsured. Robert had moved from his parents' home when he was 17 but still used their address for the receipt of mail.

The District Court made findings that both Stacy and Cathy were reasonably entrusted with the Chinn vehicle; that Robert's use of the vehicle was not with the permission of either the owners or the owners' permittees; and that Robert was not a resident of his parents' household on the date of the accident. The court entered

Declaratory Judgment that Farm Bureau, Nationwide, and State Farm did not owe any obligation of defense or have any responsibility of coverage with regard to the conduct of Robert. Anderson could recover under the uninsured motorist provision of her policy with Bear River. Appellant, Bear River, seeks a reversal of the judgment below as it relates to the obligations of Farm Bureau and State Farm. No appeal was taken as to Nationwide. Appellant asserts that each is liable for coverage under the following theories: Farm Bureau should provide coverage because of Stacy's negligent entrustment of the vehicle to Robert; State Farm should provide coverage because Cathy was involved in a joint enterprise with Robert; and both Farm Bureau and State Farm are liable under the provisions of the Utah Safety Responsibility Act and Utah Financial Responsibility Act.

The Utah Supreme Court in *Berrett v. Stevens*, 690 P.2d 553, 556–557 (Utah 1984) wrote:

> The purpose of the Declaratory Judgment Act, U.C.A., 1953, § 78–33–1, et seq., is to permit examination of legal documents and statutes to determine questions of construction or validity arising under such instruments....
>
> Declaratory judgment proceedings to determine the construction of a contract are legal in nature rather than equitable. Therefore, if there is substantial competent evidence to support the findings of the trial court, those findings will be affirmed.

Utah R.Civ.P. 52(a) states, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." This hearing took place over a two day period. Four attorneys and fourteen witnesses were involved. The trial court had an extensive opportunity to determine the facts and apply them to the appropriate portions of the automobile insurance policies. The court found that Robert Johnson knew he was not to drive any automobile because his driver's license had been re-

voked. His use of the Chinn vehicle was without permission. These findings eliminated State Farm's coverage of a non-owned automobile because the driver was required to have permission from the owner or the owner's permittees and be within the scope of the permission granted. Farm Bureau coverage was inapplicable because Robert did not have a reasonable belief that he was entitled to use the Chinn automobile.

■ Appellant raises the claim of negligent entrustment from Stacy to Cathy and from Cathy to Robert to establish liability. The court determined that Stacy's parents reasonably entrusted their car to her. Stacy was a licensed driver experienced with the car. The court next determined that Stacy reasonably entrusted her parents' vehicle to her good friend, Cathy. Stacy believed Cathy to have a learner's permit, had seen her drive and knew she had taken the driver's education course at school. Stacy testified that Cathy did not appear to be abnormal in the sense that the latter was not affected by what she had drunk during the evening. The Montana Supreme Court in *Bahm v. Dormanen*, 168 Mont. 408, 543 P.2d 379, 381 (1975) reaffirmed that the theory of negligent entrustment provides that "the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable...." However, the court found that Stacy's parents were not negligent in entrusting their vehicle to their daughter nor was Stacy negligent in entrusting it to Cathy. It is a giant leap to claim that *reasonable* entrustment to Cathy can be considered to be *negligent* entrustment to Robert even if Robert was to accompany Cathy on a short trip across the street. Robert forcibly took the keys from Cathy and therefore, the theory of negligent entrustment has no application. Further actions by Robert cannot be imputed to anyone else in the chain of control.

■ Appellant next raises the claim that Cathy and Robert were involved in a joint enterprise and therefore, Robert's negligence is imputed to Cathy. In *Mukasey v.*

*Aaron*, 20 Utah 2d 383, 438 P.2d 702, 704 (1968), the Utah Supreme Court listed the elements which are essential to the establishment of a joint enterprise as:

> (1) An agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

When the test is applied to the facts here, the joint enterprise theory collapses. Robert took the car keys and refused to let Cathy drive. Cathy wanted the trip to consist of a quick search for mixers, hopefully at the store across the street. We are not certain what Robert intended other than he wanted to purchase additional beer. Cathy desired the expeditious return of the Chinn vehicle to the apartment. Robert's voice in the "enterprise" overrode that of Cathy which is the most telling argument in negating any equal right of control imputed to Cathy. The theory of joint enterprise has no application in this case.

We will not conduct an analysis of Bear River's claims under the Utah Motor Vehicle Safety Responsibility Act or the Utah Financial Responsibility Act as applicable formerly. We need only to note Robert's age of 18, that he did not have any permission to operate the Chinn vehicle, and that neither Farm Bureau nor State Farm attempted to "cancel or annul" their policies as they concern the accident of December 26, 1980.

The judgment of the court below is affirmed.

GREENWOOD and JACKSON, JJ., concur.