809 P.2d 1181

Albert F. MASELLI,
Plaintiff–Counterdefendant,

v.

Ronald Lee GINNER,
Defendant–Counterclaimant,

Ronald Lee GINNER, Third–Party
Plaintiff–Appellant–Cross
Respondent,

v.

Allen R. BOYER, Third–Party
Defendant–Respondent–Cross
Appellant.

No. 18666.

Court of Appeals of Idaho.

April 16, 1991.

Cantrill, Skinner, Sullivan & King, Boise, for third-party plaintiff-appellant-cross respondent. Robert D. Lewis argued.

Quane, Smith, Howard & Hull, Boise, for third-party defendant-respondent-cross appellant. Robert A. Anderson argued.

WALTERS, Chief Judge.

Ronald Ginner filed a third-party action against Allen Boyer seeking to hold him vicariously liable for Ginner's torts on the theory of joint enterprise. The district court held that the parties' relationship lacked the business or commercial purpose necessary to impose joint enterprise liability and dismissed the third-party complaint. We affirm.

On July 10, 1987, Boyer and Ginner, acquainted through common employment unrelated to this action, approached Albert Maselli for permission to cut wood from Maselli's property, located near Idaho City, Idaho. Maselli planned to build a house and needed to have a portion of the wooded acreage cleared prior to construction. The parties agreed that Ginner and Boyer would clean up and pile all slash. That evening, with Mr. Maselli present, Boyer and Ginner cut and removed one pickup load of timber. Boyer and Ginner arranged to return in three days to cut another load of wood. Maselli designated the area from which the timber would be removed and marked each tree to be cut by Ginner and Boyer. On July 13, 1987, Boyer, his wife and two daughters drove their pickup truck and met Ginner, in his truck, at the Maselli property. Each party brought his own equipment. When they arrived, however, the gate was locked. Ginner proceeded onto the property to cut trees, while Boyer and his family drove down the road to obtain a key from Maselli. The first tree felled by Ginner struck an overhead electrical power line and started a forest fire, later known as the "Minneha Creek fire."

Maselli brought an action against Ginner to recover damages resulting from Ginner's negligence in starting the fire. Ginner in turn filed a third-party claim against Boyer seeking contribution on a theory of joint enterprise liability. Boyer moved to dismiss the claim on summary judgment, and requested attorney fees on the basis that the action against him was frivolously filed. Granting Boyer's motion for summary judgment, the district court ruled that, because the relationship between Boyer and Ginner lacked a "business purpose," no joint enterprise existed as a matter of law. The court declined to grant the fees request. Both parties appeal.

██ In reviewing an order granting summary judgment, our task is to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56; *Lowry v. Ireland Bank*, 116 Idaho 708, 779 P.2d 22 (Ct.App.1989). Summary judgment is proper where no genuine issue as to any material fact is found to exist after the pleadings, depositions, and affidavits have been construed in a light most favorable to the party opposing the motion. *Rhodes v. Sunshine Mining Co.*, 113 Idaho 162, 164, 742 P.2d 417, 419 (1987). In the instant case the record does not disclose any genuine issue of material fact, but rather presents a question of law relating to the status of Ginner and Boyer as members of a joint enterprise. *See Id.*

██ Ginner asserts that the record in this case contains facts sufficient to support his action for contribution on the joint enterprise theory. As stated in *Easter v. McNabb*, 97 Idaho 180, 541 P.2d 604 (1975), the doctrine of joint enterprise is comprised of four elements: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose,

among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right to control. Ginner concedes there was no "business purpose" in the joint activity of wood harvesting. He submits, however, that the "community of pecuniary interest" requirement set forth in *Easter* should be interpreted to include the valuable, personal benefit pursued by the parties. For the reasons explained below, we hold that it does not.

 The doctrine of "joint enterprise" derives from the principles of agency and partnership law. *Easter*, 97 Idaho at 181, 541 P.2d at 605. It is an undertaking to carry out a small number of acts or objectives, which is entered into by associates under such circumstances that all have an equal voice in directing the conduct of the enterprise. The law then considers that each associate is the agent or servant of the others, and that the act of any one within the scope of the enterprise is to be charged vicariously against the rest. *See* PROSSER AND KEETON ON TORTS § 72, at 516 (5th ed. 1984). Vicarious liability means that, by reason of some relation existing between two parties, the negligence of the first is to be charged against the second, although the second has played no part in it, and has done nothing whatever to aid or encourage it, or indeed has done everything he can to prevent it. The justification for vicarious liability is a rule of policy, a deliberate allocation of a risk. PROSSER AND KEETON, *supra*, § 69 at 499–500, 522.[1]

In *Easter*, the Idaho Supreme Court was asked to decide whether a three-day fishing trip constituted a "joint enterprise" for purposes of imputing the negligence of one of the members to the others. 97 Idaho 180, 541 P.2d 604. The Court refused to apply the doctrine to non-commercial settings, and instead embraced the definition contained in the Restatement (Second) of Torts, § 491, comment c (1965), as "a cod-

ification of the business or commercial characterization of joint enterprise." *Easter*, 97 Idaho at 182, 541 P.2d at 606. In so holding the Court stated that:

> By limiting the application of the doctrine to an enterprise having a business or pecuniary purpose, we will be avoiding the imposition of a basically commercial concept to non-commercial situations which are more often matters of friendly or family cooperation and accommodation.

*Id.*, *citing* PROSSER, THE LAW OF TORTS § 72 (4th Ed.1971). The commercial concept underlying the "business purpose" requirement is reflected in the law of partnerships and joint ventures. A partnership requires an association of two or more persons to carry on as co-owners a business for profit. I.C. § 53–306(1). Similarly, a joint venture is an association of two or more persons to carry out a single business enterprise with the objective of realizing a profit. *Rhodes*, 113 Idaho at 166, 742 P.2d at 421; *Stearns v. Williams*, 72 Idaho 276, 240 P.2d 833 (1952).

 In the present case, it is undisputed that neither Ginner nor Boyer expected any "profits." They did not intend to harvest the timber for sale, nor was their purpose to provide a compensable service to the landowner. Although each of the parties sought to benefit from the acquisition of firewood, the character of that interest was purely personal. We hold that where the community of interest in the common purpose is personal as to an individual, a family, or a household rather than business-related, joint enterprise liability will not be imposed. To hold otherwise would be contrary to the "more desirable policy" of limiting the doctrine to business or commercial matters articulated in *Easter*. We conclude, therefore, that the common undertaking in this case was not a business venture for profit, but rather was a matter of friendly cooperation and accom-

---

1. "The justification for imputing negligence to an innocent party is the social necessity to provide injured plaintiffs with financially responsible defendants." PROSSER AND KEETON, *supra*, § 73, at 522, n. 4, *quoting Nowak v. Nowak*, 175 Conn. 112, 394 A.2d 716, 723 (1978).

modation, which, as a matter of policy, has been expressly excluded from the purview of the joint enterprise doctrine.

The appellant attempts to distinguish the holding in *Easter* on the basis that the purpose of fishing is primarily recreational—the taking of fish for food being only incidental to that activity—whereas the primary purpose of the wood-cutting activity engaged in by the parties in this case was to acquire wood valuable for household consumption as fuel. We are not persuaded by this argument. The Court in *Easter* did not rest its holding on the distinction between "recreational" versus "economic" ends, but between "personal" and "business" purposes. We can discern no more pecuniary interest in the joint undertaking of chopping wood for use as fuel than in the common purpose of taking fish for personal consumption as food. The joint undertaking here clearly lacked the requisite business purpose. As such, the negligence of Ginner cannot be imputed to Boyer so as to render Boyer vicariously liable to the plaintiff, Maselli. Accordingly, the district court's order dismissing Ginner's third-party complaint is affirmed.

■ On cross-appeal, Boyer asserts that the district court erred in denying an award of attorney fees at trial and he requests attorney fees on appeal. Boyer's entitlement to fees either for the trial or for this appeal lies solely under I.C. § 12–121. This section allows fees to be awarded to a prevailing party. However, the prevailing party must show that the losing party brought, pursued or defended the action frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1).

■ In ruling on the attorney fees question, the district judge stated that he believed the joint enterprise theory of recovery "was incorrect but arguable," and that he was "not able to say that this case was frivolous or that it was not in good faith." We conclude that the district court did not abuse its discretion in denying an award of fees at trial. *See Associates Northwest,*

*Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987). Further, we do not find that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). We therefore decline to award attorney fees on appeal. However, Boyer is entitled to recover his costs on appeal pursuant to I.A.R. 40.

SWANSTROM and SILAK, JJ., concur.