**FARMERS INSURANCE EXCHANGE,**
**Plaintiff and Appellee,**

v.

**David PARKER, Defendant**
**and Appellant.**

No. 960236–CA.

Court of Appeals of Utah.

April 3, 1997.

Rodney R. Parker, Salt Lake City, for Defendant and Appellant.

Chad B. McKay, Ogden, for Plaintiff and Appellee.

Before DAVIS, WILKINS and BILLINGS, JJ.

BILLINGS, Judge:

Appellant David Parker appeals the trial court's decision holding him liable for automobile damages suffered by Farmers Insurance Exchange's (Farmers) insured when the group appellant was hiking with knocked rocks onto a road which the insured hit. Appellant claims the trial court erred in finding him liable on the basis of joint enterprise liability and by refusing to allocate damages among other non-parties to the action. We reverse.

## FACTS

On June 19, 1994, appellant and three friends were climbing near the Storm Mountain Slide Area in Big Cottonwood Canyon. Appellant was an experienced climber and chose the particular climb. During the climb, the group was forced to cross a rock slide area directly above the canyon road. Appellant was the first to cross, making it across the slide area without knocking any rocks onto the road. Another climber, who followed appellant across the rocks, accidentally dislodged some rocks which rolled down to the road below.

At approximately the same time, Farmers' insured was driving up the canyon. Despite his best efforts, the insured was unable to avoid all of the rocks on the road and was forced to drive over one of them, causing $2746.47 of damage to his van.

After the accident an officer arrived on the scene and saw the rocks on the road as well as several individuals up the mountain, including one in the middle of the slide area. He immediately ordered the individuals to come down. Eventually, appellant made his way down the mountain to offer assistance and speak with the officer. Once down, he

informed the officer that he was the leader of the climb.

Farmers eventually brought suit against appellant for the damage to the car of its insured. The trial court found appellant one-hundred percent liable for the damage because (1) appellant was the leader of the expedition and had "assumed the duties and risks associated with the expedition," and (2) appellant was liable for the negligence of the others in the expedition because he failed to join any of the other parties in the litigation so as to have their fault apportioned.

## ANALYSIS

### A. Joint Enterprise Liability

■ Appellant first claims the trial court erred in holding him liable because he was the leader of the non-commercial hiking party. While the trial court expressly found there was no pecuniary interest between appellant and the other climbers, the court still found appellant vicariously liable for the negligence of the other climbers because he had assumed the risks involved by "leading" the climbing party. Appellant argues that he could not be vicariously liable for the negligence of others in the hiking party because there was no pecuniary interest between himself and the other climbers, and thus, there was no joint enterprise that would create vicarious liability. We agree.

■ The elements of a joint enterprise are:

"(1) An agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control."

*Utah Farm Bureau Mut. Ins. Co. v. Johnson,* 738 P.2d 652, 655 (Utah Ct.App.1987) (quoting *Mukasey v. Aaron,* 20 Utah 2d 383, 384, 438 P.2d 702, 704 (1968)).

The Utah Supreme Court considered an analogous claim in *Hall v. Blackham,* 18 Utah 2d 164, 417 P.2d 664 (1966). In *Hall,* four friends were returning home from a duck hunting trip when they were involved in an accident, causing the death of one individual. *Id.* 417 P.2d at 665. The plaintiffs sued, claiming, among other things, that the passengers were liable because they were involved in a joint venture. *Id.* In affirming the trial court's refusal to submit an instruction to the jury based on joint enterprise liability, the supreme court stated: "The mere association of persons riding together in an automobile belonging to one of them for a common purpose of pleasure such as was done here does not provide sufficient basis for finding a joint venture." *Id.* at 666. Thus, the supreme court refused to find vicarious liability in a situation where four friends were engaged in a mutual, pleasurable, non-commercial activity.

Our sister jurisdictions have also been faced with similar claims. In *Maselli v. Ginner,* 119 Idaho 702, 809 P.2d 1181 (App.1991), two friends received permission from a landowner to cut timber on his land. *Id.* 119 Idaho at 704, 809 P.2d at 1183. When the two arrived at the property they found that a gate was locked, so one friend went to get a key from the owner while the other friend began cutting trees. *Id.* The woodcutter felled a tree that struck an electrical wire and began a fire causing damage to the landowner's property. *Id.* The landowner sued the woodcutter's friend under a theory of joint enterprise liability. *Id.* The Idaho court refused to hold the friend liable under such a theory because the woodcutter and the friend "did not intend to harvest the timber for sale, nor was their purpose to provide a compensable service to the landowner." *Id.* 119 Idaho at 705, 809 P.2d at 1184. The court concluded "that where the community of interest in the common purpose is personal as to an individual, a family, or a household rather than business-related, joint enterprise liability will not be imposed." *Id.; see also Nicholas v. Moore,* 570 P.2d 174, 176–78 (Alaska 1977) (determining no joint enterprise liability where one of two hunters of same hunting party accidentally shot someone); *Easter v. McNabb,* 97 Idaho 180, 541 P.2d 604, 606 (1975) (refusing to impose joint enterprise liability on members of fishing party); *Holliday v. Bannister,* 741 P.2d 89, 91–94 (Wyo.1987) (refusing to im-

pose joint enterprise liability on father when adult son in same hunting party accidentally shot someone).

 These cases make clear that an individual is not vicariously liable for the negligence of others when all individuals involved are simply engaging in non-commercial, pleasurable adventures. In this case, four friends went on a climbing excursion for pleasure. No money was exchanged, nor was any expected. Although appellant may have been the most experienced of the climbers, and hence the "leader," there is nothing in the record indicating appellant had the right to control any of the actions of the other climbers. Thus, the trial court erred in concluding appellant was vicariously liable for the negligence of the other climbers in the group. As there was nothing in the record to indicate appellant was individually negligent, we reverse and vacate the judgment against appellant.

### B. Utah Liability Reform Act

 The trial court also erred in apportioning one-hundred percent of the fault on joint and several liability principles to appellant. In 1986, the Utah Legislature passed the Utah Liability Reform Act abolishing joint and several liability. *See Sullivan v. Scoular Grain Co.*, 853 P.2d 877, 880 (Utah 1993). Utah Code Ann. § 78–27–38 (1996) provides: "No defendant is liable to any person seeking recovery for any amount in excess of the proportion of fault attributed to that defendant under Section 78–27–39." Similarly, Utah Code Ann. § 78–27–40(1) (1996) provides: "Subject to Section 78–27–38, the maximum amount for which a defendant may be liable to any person seeking recovery is that percentage or proportion of the damages equivalent to the percentage or proportion of fault *attributed to that defendant*." (Emphasis added.) Clearly, these statutes mandate that a trial court cannot apportion more fault to a defendant than that amount of fault attributable to that defendant, even if he or she refuses to bring other potentially liable defendants into the lawsuit. Thus, because the trial court did not find any fault personally attributable to the appellant, he is not liable to Farmers.

### CONCLUSION

We conclude the trial court erred in determining appellant was vicariously liable for the negligence of the other climbers in his group. As there is no evidence of any individual negligence on the part of appellant, we reverse the judgment of the trial court.

DAVIS, P.J., and WILKINS, Associate P.J., concur.