(No. 6689. November 22, 1939.)

L. L. WHALEN, Appellant, v. JOHN ZINN, Respondent.

[96 Pac. (2d) 434.]

Butler & Madden, for Appellant.

724

Durham & Hyatt, for Respondent.

MORGAN, J.—March 8, 1937, respondent was engaged in conducting a retail plumbing, heating and sheet metal business in Lewiston. Adjoining his store, and separated from it by a partition wall, was a wholesale plumbing store conducted by Charles Hahn. A part of the basement of the building was occupied by respondent and another part was used by Hahn as a storeroom and work shop. Across the alley from the building Hahn maintained a stock of water pipe. On the date above mentioned appellant called at respondent's store and ordered from one of his salesmen a three-inch iron pipe, nineteen feet, six and a quarter inches long, to be threaded at both ends. Respondent did not carry three-inch pipe and it was his custom, when he had an order for goods which could not be filled from his stock, to procure it from Hahn's wholesale store. His salesman prepared the order for the pipe and passed it through a window in the partition to an employee of Hahn. He also gave an order to appellant and told him "to give it to one of the boys in the back." Appellant took the order and gave it to an employee of Hahn, named Fite, near the entrance at the back of respond-

ent's store. At that time he did not know who employed Fite. It was about the noon hour and Fite told appellant he was alone and the pipe was too heavy for one man to handle, but if appellant would help him they would get it out. Together they got the pipe from Hahn's stock and carried it across the alley to his work shop in the basement. They placed the pipe on a bench ten feet long and Fite fastened one end of it in a vise. The pipe was placed on a coupling, back of the vise on the bench, in order to level it. Fite then cut it to the right length and threaded it. When the work was finished he released the pipe from the vise and it rolled off the bench on to appellant's feet seriously injuring them. Appellant commenced this action against respondent to recover damages for personal injuries resulting from the pipe falling on his feet. At the close of the introduction of appellant's evidence respondent moved for a judgment of nonsuit on the ground that it was insufficient to sustain a judgment in appellant's favor. The motion was sustained and judgment was entered accordingly, from which this appeal is prosecuted. The order granting nonsuit is assigned as error.

It is alleged in the complaint that Fite was the agent of respondent and that he was negligent in releasing the pipe from the vise, thereby permitting it to roll from the bench on to appellant's feet, whereby he was injured.

The evidence as to who employed Fite is undisputed, and the question as to whether the relation of master and servant existed between him and respondent, is one of law. (*Branham v. International Supply Co.*, 166 Okl. 273, 27 Pac. (2d) 354.)

Having predicated his action on the negligence of Fite, while acting as agent of respondent, the burden of proof was on appellant to establish the agency. (*Axtell v. Northern Pac. Ry. Co.*, 9 Ida. 392, 74 Pac. 1075; *Magee v. Hargrove Motor Co.*, 50 Ida. 442, 296 Pac. 774; *Joslin v. Idaho Times Pub. Co.*, 56 Ida. 242, 53 Pac. (2d) 323.)

In the Joslin case we quoted, with approval, from 39 C. J. 35, sec. 4, as follows:

"The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done."

The evidence shows Fite was the employee of Hahn, not of respondent; that it is common practice among wholesale and retail dealers in the plumbing and heating trade for the retailer to purchase supplies from the wholesaler, and should the wholesaler be called on to have work done on the goods in order to meet the requirements of the retailer's customer, an extra charge, in addition to the wholesale price, will be made therefor; that an extra charge was made in this case for cutting and threading the pipe. It is clear that in doing this cutting and threading Fite was acting as the employee of Hahn. There is nothing in the record to show respondent had, or sought to exercise, any authority over Fite, or over Hahn's shop, tools or machinery.

Respondent contends the evidence is insufficient to have sustained a judgment in appellant's favor, on the additional ground that he was guilty of contributory negligence which was the proximate cause of his injury. In view of our conclusion that neither the relation of principal and agent nor employer and employee has been shown to have existed between respondent and Fite, and that respondent was not responsible for what occurred in Hahn's shop, it is not necessary to decide the question of contributory negligence.

The judgment is affirmed. Costs are awarded to respondent.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.