560 P.2d 1325
William R. MATHAUSER,
Plaintiff-Appellant,

v.

George HELLYER et al.,
Defendants-Respondents.

No. 12211.

Supreme Court of Idaho.

March 10, 1977.

Bruce J. Collier of Kneeland, Laggis, Korb & Collier, Ketchum, for plaintiff-appellant.

Kevin Francis Trainor of Walker & Kennedy, Twin Falls, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from summary judgment in favor of defendant-respondents Hellyer and Giacobbi on the basis that the statute of limitations barred plaintiff-appellant Mathauser's action. We affirm.

The record most favorably construed toward Mathauser reveals that early 1969 he was engaged by Hellyer and Giacobbi as a design and construction contractor for a fee of ten percent of the total cost of several real estate development projects. In the early summer of 1969, Giacobbi and Mathauser formed a partnership (G & M Contractors) which continued to provide contracting services to Giacobbi and Hellyer. During that time payments were made to Mathauser in installments on the basis of the ten percent commission. Shortly thereafter Hellyer and Giacobbi formed Anstep Corporation which assumed all of those individuals' previous rights and liabilities including the contract with G & M Contractors. On July 30, 1969, Anstep Corporation offered to acquire G & M Contractors, which offer it is argued placed Mathauser in the status of an employee of Anstep Corporation. The acceptance of that offer and the change in status of Mathauser to employee is the crux of the instant action. That relationship, be it employee or independent contractor, continued until terminated in late 1969.

On July 25, 1973, Mathauser filed a complaint claiming that he had received only a fractional part of his compensation under

the agreement and that $100,000.00 remained due and outstanding under an independent contractor theory of liability. Upon motion therefor the court granted summary judgment for respondents, holding that I.C. § 45–608 barred Mathauser's claim. I.C. § 45–608 provides:

"Any person shall have the right to collect salary, wages, overtime compensation, penalties and liquidated damages provided by any law or pursuant to a contract of employment, but any action thereon shall be commenced in a court of competent jurisdiction within two (2) years after the cause of action shall have accrued, provided, however, that *in the event salary or wages have been paid to any employee and such employee claims additional salary*, wages, overtime compensation, penalties or liquidated damages, *because of work done* or services performed *during his employment for the pay period covered by said payment, any action therefor shall be commenced within six (6) months from the accrual of the cause of action* * * *. In the event an action is not commenced as herein provided, any remedy on the cause of action shall be forever barred." (Emphasis added.)

On appeal Mathauser asserts that the entry of summary judgment was error in that the statute purports to include only "employees" suing for "wages" and there remains a material question of fact whether Mathauser was an employee or an independent contractor at the times in question.

The July 30, 1969, Anstep proposal to acquire G & M Contractors included provisions that Mathauser would be paid a salary of $14,000 per year, that he would do no outside designing without the consent of Anstep, that he would be allowed to continue ski instruction, that he would be furnished a vehicle or paid mileage on his own vehicle and allowed to maintain his office at his residence. Also contained therein was a direction as to the amount that G & M Contractors would charge as a minimum fee to its clients. Anstep also was to pay all expenses and to receive all income derived from G & M Contractors. Thereafter it is uncontradicted that Mathauser was paid wages and that he authorized deductions to be withheld for federal income tax purposes. Also monies were deducted for Social Security contributions.

In opposition to the motion for summary judgment, Mathauser submitted an affidavit stating that in return for his services it was his understanding that he would receive an equity interest in Anstep Corporation equivalent to the value of the previous ten percent fee. However, the important portion of said affidavit is his statement indicating that he had decided to accept the Anstep offer and had communicated that acceptance to Hellyer. Therefore on the basis of the Anstep offer and the Mathauser affidavit, it is clear that an employee status arose and regardless of the amount or type of compensation to be paid Mathauser, any action thereon was barred by the statute of limitation.

However, at a later time Mathauser filed a supplemental affidavit in opposition to the motion for summary judgment which in effect argues that an independent contractor status existed because of the lack of control Anstep Corporation supposedly had and exercised over Mathauser's activities.

Mathauser's second affidavit seeks in essence to controvert his first affidavit wherein he indicates acceptance of Anstep's offer and thereby the status of "employee." The terms of that offer granted Anstep significant rights to control Mathauser's manner of performance sufficient to make Anstep an employer. *Moreland v. Mason*, 45 Idaho 143, 260 P. 1035 (1927). Having admitted to the acceptance of the Anstep offer, those contract terms would control and Mathauser's supplemental affidavit denying losing "his right to control" would be a legal conclusion, not a factual allegation, and thus ineffectual.

On that basis alone there exists no genuine issue of material fact. Even if we were to concede that Mathauser's supplemental affidavit contradicted his previous affida-

vit's factual admission, he could not prevail. *See, Radobenko v. Automated Equipment Corp.,* 9 Cir., 520 F.2d 540 (1975); *Perma Research & Development Corp. v. Singer Co.,* 2 Cir., 410 F.2d 572, 578 (1969); *General Constr. Co. v. Hering Realty Co.,* D.C., 201 F.Supp. 487 (1962); *Stahly, Inc. v. M. H. Jacobs Co.,* 7 Cir., 183 F.2d 914 (1950).

Judgment is affirmed. Costs to respondent.

McFADDEN, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.