654 P.2d 378

**Ernest GRIGGS and Eileen Griggs, husband and wife, Plaintiffs,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant,**

and

**SAFECO INSURANCE COMPANY OF AMERICA, Third party plaintiff-appellant,**

v.

**Elmer AHRENDSEN, Third party defendant-respondent.**

No. 13722.

Supreme Court of Idaho.

Nov. 17, 1982.

Peter J. Boyd and Todd J. Wilcox of Elam, Burke, Evans, Boyd & Koontz, Boise, for Safeco Ins. Co. of America.

Randall W. Robinson of Idaho Legal Aid Services, Inc., Lewiston, for Elmer Ahrendsen.

**PER CURIAM:**

Appeal is taken from the trial court's decision that the insurer is not entitled to indemnification from an uninsured driver for attorney fees paid to the insured motorist.

This appeal arose from an action originally initiated by Ernest and Eileen Griggs, inactive parties to this appeal, against Safeco Insurance Company. The original plaintiff, Eileen Griggs, made timely demand for $10,000 from her insurer, Safeco Insurance Co., the defendant and third party plaintiff-appellant in this action. Griggs sought recovery under the uninsured motorist provision of her insurance policy[1] for injuries suffered on December 21, 1975, as a result of a collision with an uninsured motor vehicle owned and operated by Elmer Ahrendsen, the third party defendant and respondent herein. Safeco, claiming that Griggs was responsible for her own injuries, refused payment, and Griggs filed suit directly against Safeco seeking recovery for all sums she was entitled to recover as damages from Ahrendsen. The trial court stated that "there is no evidence that Safeco exercised its right [under the policy] to determine its liability to Griggs through arbitration." Instead, Safeco answered Griggs' complaint and filed a third party complaint against Ahrendsen, the uninsured motorist, alleging that if Safeco was liable to Griggs, then Ahrendsen was liable for indemnity or contribution for all or part of Griggs' claim against Safeco. Ahrendsen answered and cross claimed against Griggs, alleging that the sole cause of the accident was Griggs' negligence.

At the conclusion of the trial, during which the degree of negligence attributable to Griggs and Ahrendsen was litigated, the jury, by way of special verdict, found that

1. Although the insurance policy itself is not before this Court, the record shows that the uninsured motorist provision is as follows: "[Safeco agrees t]o pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle; ... determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and SAFECO or, if they fail to agree, by arbitration."

Ahrendsen was 54% negligent, that Griggs was 46% negligent, and that Griggs' damages amounted to $1,241.45. The trial court ordered that the plaintiff recover from Safeco the sum of $670.38, the amount of damages attributable to Ahrendsen, together with costs and disbursements, including attorney fees under I.C. § 41–1839, in the sum of $4,965.38.[2] Safeco satisfied the judgment and then moved the court to enter a judgment against the third party defendant Ahrendsen in the sum of $5,635.58 on the ground that Safeco was entitled to a judgment over and against Ahrendsen. The trial court determined that Safeco had a right of indemnity against Ahrendsen for the $670.38, but concluded that shifting the burden of Griggs' judgment for costs and attorney fees, from Safeco to Ahrendsen was not justified under the facts of this case. We agree.

The sole question presented on appeal is whether Safeco is entitled to indemnification for the attorney fees and costs incurred by Griggs and assessed by the trial court against Safeco under I.C. § 41–1839.

As pointed out by Safeco, the general rule is that implied indemnity is an equitable principle based upon the general theory that one compelled to pay for the damage caused by another should be able to seek recovery from that party. *May Trucking Co. v. International Harvester Co.,* 97 Idaho 319, 543 P.2d 1159 (1975). Being an equitable principle, the trial court is vested with discretion in determining the "equi-

ties" between the parties, including the reasonableness of Safeco's actions in defense of its own insured's action. We have reviewed the record and cannot conclude that the trial court abused its discretion in limiting Safeco's indemnity to the $670.38 damage judgment, to the exclusion of Safeco's costs and attorney fees.

Judgment affirmed.

BISTLINE, Justice, specially concurring.

Having fairly strong misgivings that the law of indemnity is being further confused by the Court's opinion, I have declined to join it. In particular I mention a concern as to the validity of *May Trucking Co. v. International Harvester Co.,* 97 Idaho 319, 543 P.2d 1159 (1975), which was before my time and in which I did not participate. Justice Shepard dissented in that case, and obviously was then troubled as I am today. The Court there reversed Judge Hagan's conclusion that the action, predicated upon a claim of subrogation, was barred by the statute of limitations. In reversing, the Court relied upon *Industrial Indemnity Co. v. Columbia Basin Steel & Iron, Inc.,* 93 Idaho 719, 471 P.2d 574 (1970), for the proposition that:

"The common law right of indemnity, on the other hand, refers to those situations where a person who without fault on his part is compelled to pay damages occasioned by the negligence of another." 97 Idaho at 321, 543 P.2d at 1161.

2. "41–1839. ALLOWANCE OF ATTORNEY FEES IN SUITS AGAINST INSURERS.—(1) Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

"(2) In any such action, if it is alleged that before the commencement thereof, a tender of

the full amount justly due was made to the person entitled thereto, and such amount is thereupon deposited in the court, and if the allegation is found to be true, or if it is determined in such action that no amount is justly due, then no such attorney's fees may be recovered.

. . . .

Whether the trial court properly awarded attorney fees under I.C. § 41–1839 was not an issue raised on appeal; therefore, we make no decision in that regard. *See, e.g., Halliday v. Farmers Ins. Exchange,* 89 Idaho 293, 404 P.2d 634 (1965); *Associates Discount Corp. of Idaho v. Yosemite Ins. Co.,* 96 Idaho 249, 526 P.2d 854 (1974).

I have no problem with that statement as applied to the facts of *Industrial Indemnity,* but I do have doubts as applied to the *May Trucking* facts,[1] and more so as applied to the facts of the case at bar.

Safeco's third-party complaint against Ahrendsen was predicated upon an allegation that if it became liable to Mrs. Griggs, then Ahrendsen could be liable to Safeco for indemnity or contribution.

After it paid the Griggs' judgment, Safeco referred to its third-party complaint and moved for judgment over against Ahrendsen.

In arguing the motion, Safeco, asked by the trial court the basis of its claim, answered that the "[b]asis is our right of subrogation in the policy itself." In a brief later filed with the trial court, it continued to urge the subrogation theory, and also advanced the theory of indemnity set forth in *May Trucking.* Ahrendsen's "fault" toward Safeco and causing its loss was said to be his negligence (toward Mrs. Griggs) and "as a result of his failure to procure liability insurance, itself a violation of the law."

The general statement of the law as I read it suggests that "[a] right to implied indemnity *among tortfeasors* may arise out of a contractual or special relationship between the parties or from equitable considerations." 41 Am.Jur.2d, Indemnity, § 20, p. 707 (1968) (emphasis added).

Perhaps not entirely clear in the Court's opinion, but a critical fact is that here there is only one tortfeasor, Ahrendsen, and he was not sued by the injured Mrs. Griggs, but by Safeco. Safeco, had it recognized liability to Mrs. Griggs, would likely have been subrogated. Instead it went to court, brought Ahrendsen in as its defendant, and joined hands with Ahrendsen in trying to convince the jury that Mrs. Griggs was more at fault than Ahrendsen and that she was not entitled to substantial damages, an apparently successful joint venture on the part of Safeco and Ahrendsen and perhaps to the detriment of Safeco's assured. Be all that as it may, and noting from the briefs that Ahrendsen conceded liability for the Griggs judgment against Safeco, apparently based on his attorney's reliance on *May Trucking,* I wholly am unable to see any proper theory of indemnity under which Ahrendsen was liable to Safeco—with whom he had no relationship whatever.

Safeco's equitable theory of indemnity in its brief simply stated as follows:

"Safeco, in essence, prevailed in its suit with Griggs by proving that its insured was partially at fault therefore justifying Safeco's decision to limit coverage under the uninsured motorist provisions of the policy. The attorney fees which accrued in the action involving Griggs, Safeco and Ahrendsen were the result of litigating issues that pertained to negligence rather than coverage issues. Therefore, *it was to the advantage of the uninsured motorist, Ahrendsen, that Safeco combined its efforts with Ahrendsen to prove that Griggs was partially at fault.* Thus, based upon a theory of implied indemnity, it would be inequitable for the court to decide that the attorney fees incurred as the result of litigation regarding negligence of the parties be awarded against Safeco." (Emphasis added.)

To me that sounds more of unjust enrichment than it does of the law of indemnity as I see the law of indemnity.[2] And, as Judge Cunningham pointed out, Safeco's remedy against Ahrendsen was by way of subrogation wherein it failed too, because

---

1. *May Trucking* sets out three examples of theories supporting an indemnity claim. 97 Idaho at 321, 543 P.2d at 1161. A more complete analysis is set out in 41 Am.Jur.2d, Indemnity, § 20, p. 706 (1968).

2. Unjust enrichment in a proper case, where joint and several liability of one or more tortfeasor is to be distributed amongst them, is a sound theory. For that particular point and a good general discussion of principles of indemnity and the distinction between indemnity and contribution, *see United Airlines v. Wiener,* 335 F.2d 379 beginning at p. 398 (9th Cir.1964) *cert. dismissed,* 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549.

Mrs. Griggs had not obtained any judgment against Ahrendsen, or even sued him.

I concur in affirming the trial court, but not on the basis that the trial court made a good exercise of an equitable discretion. On the contrary, I endorse Judge Cunning- ham's sound conclusion that *neither "equity [nor] any theory of indemnity, shifts the burden of Griggs' judgment for costs, in- cluding attorney fees, from Safeco to Ah- rendsen* under the facts of this case."