856 P.2d 887

**DiAnn ADAMS and Patrick Adams, husband and wife, Plaintiffs-Respondents-Cross Appellants,**

v.

**Philip M. KRUEGER, M.D., Defendant-Appellant-Cross Respondent,**

and

**Leila Parker, Nurse Practitioner, Defendant-Cross Respondent.**

No. 18472.

Court of Appeals of Idaho.

Sept. 3, 1991.

employer when applying the provisions of Idaho's comparative negligence law, I.C. § 6–801. We also discuss the trial court's discretionary authority to deny a party its costs. For the reasons explained below, we affirm both the judgment awarding damages to the plaintiffs and the order denying their costs.

## FACTS

On March 27, 1986, DiAnn Adams went to Dr. Krueger's office for the purpose of diagnosis and treatment of various complaints, including cramps, headaches, discomfort of menses, and lesions that appeared on her perineum during her menses. Dr. Krueger was unable to see DiAnn, and DiAnn was examined by Krueger's nurse-practitioner, Leila Parker. Parker diagnosed DiAnn as having genital herpes and counseled her on the causes of the virus and on the prevention and treatment of future outbreaks. Dr. Krueger later prescribed acyclovir, an ointment used for symptomatic relief of herpetic lesions. The symptoms continued, however, and in November of 1986, DiAnn consulted another doctor who correctly diagnosed her condition as a severe yeast infection.

Subsequently, DiAnn and her husband, Patrick, filed a complaint against Krueger and Parker alleging that Parker's misdiagnosis and treatment of DiAnn's condition, and Krueger's failure either to examine DiAnn or to review her diagnosis and treatment plan, breached the applicable standards of health care. DiAnn claimed damages for the physical and mental pain and suffering caused her, and for all out-of-pocket expenses reasonably incurred which were attributable to the defendants' conduct. Patrick sought recovery for the loss of the society, companionship, and conjugal relationship with his wife. The plaintiffs additionally asserted a claim for punitive damages. In answer to these allegations, Krueger and Parker [1] argued that DiAnn's own negligence caused or contributed to

Quane, Smith, Howard & Hull, Boise, for defendant-appellant-cross respondent. Richard Stubbs argued.

Wilson & Carnahan, Boise, for plaintiffs-respondents-cross appellants. Debrha J. Carnahan argued.

WALTERS, Chief Judge.

This case involves the construction of Idaho's comparative negligence law as applied to co-defendants standing in an employer-employee relationship. The central question on appeal is whether the negligence of an employee is imputed to the

---

1. Krueger and Parker were insured by the same carrier and represented by the same counsel at trial.

her injury. They also admitted that nurse Parker was Dr. Krueger's employee and at all relevant times had acted within the scope of her employment.

At the conclusion of the evidence, the court instructed the jury on the applicable law and submitted a special verdict form requiring the jury to indicate its findings with respect to the actual negligence attributable to any of the parties, and to determine the total damages sustained by the Adamses. The court also gave *Seppi*[2] instruction, informing the jury that the plaintiffs would recover nothing if it found DiAnn more than fifty percent negligent, but that the plaintiffs would recover from one or both defendants if it determined that DiAnn's negligence "is less than 50% and the total of the Defendants' negligence is more that 50%." As indicated by the answers to special interrogatories in the verdict form, the jury found nurse Parker forty-one percent negligent, Dr. Krueger ten percent negligent, and DiAnn Adams forty-nine percent negligent. The jury further found that DiAnn and Patrick Adams had sustained damages in amounts of $28,000 and $2,000, respectively.

The district court imputed Parker's negligence to Krueger under the doctrine of respondeat superior and determined Krueger to be a total of fifty-one percent negligent. The court also imputed DiAnn Adams' negligence to her husband, Patrick, thus reducing his recovery of damages by forty-nine percent. The court then entered a judgment against Dr. Krueger, awarding DiAnn and Patrick Adams fifty-one percent of their damages, and dismissing the Adamses' claims against Parker. Finally, the court decided that neither party was the "prevailing party" in the action and declined to award costs to the Adamses.

On appeal, Krueger maintains that the judgment against him should be reversed because the district court erroneously added nurse Parker's negligence to his when

the court applied the comparative negligence provisions of the statute. In their cross-appeal the Adamses submit that, if the district court erred in aggregating the defendants' negligence, then it necessarily erred when it misinformed the jury as to the consequences of their findings, and the case should be remanded for a new trial with appropriate jury instructions. Additionally, the Adamses challenge the district court's order disallowing their costs.

## STANDARD OF REVIEW

■ We first consider whether it was proper for the district court to impute the negligence of nurse Parker to Krueger in applying Idaho's comparative negligence provisions, I.C. § 6–801. Preliminarily, we note that the cause of action giving rise to this appeal accrued in 1986, pre-dating the amended statute presently in effect.[3] Consequently, we must decide this case under the former version of the statute—the original act—which was applicable at the time the cause arose. *See* I.C. § 6–801 (1986 Supp.). We will look to the subsequent amendments only insofar as they indicate a clarification, strengthening, or change in the intent of the original law. *See State ex rel. Wright v. Headrick,* 65 Idaho 148, 139 P.2d 761 (1943). Because the construction and application of a legislative act present pure questions of law, we exercise free review.

### 1. *I.C. § 6–801*

■ Idaho's comparative negligence law applies to all negligence actions where there is negligence attributable to the person seeking to recover. *See Harrison v. Taylor,* 115 Idaho 588, 768 P.2d 1321 (1989). The applicable statute provides as follows:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence or gross negligence

---

2. *Seppi v. Betty,* 99 Idaho 186, 579 P.2d 683 (1978).

3. Section 18 of the Act amending I.C. §§ 6–801 through 6–803 states that its provisions "shall

apply only to causes of action which accrue on and after July 1, 1987." 1987 Idaho Sess.Laws, ch. 278, § 18, at 588.

resulting in death or in injury to person or property, if such negligence was not as great as the negligence or gross negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.

Idaho Code § 6–801 (1986 Supp.).[4] Under the statute, a plaintiff found to be more than forty-nine percent negligent is barred from any recovery. *Seppi,* 99 Idaho at 188, 579 P.2d at 686. Moreover, the Idaho Supreme Court has interpreted the statute to embrace the "individual" or "Wisconsin" rule of comparison,[5] whereby the percentage of the plaintiff's negligence is compared to the percentage of negligence apportioned each individual defendant, in determining whether a plaintiff may recover from a given defendant. *Odenwalt v. Zaring,* 102 Idaho 1, 624 P.2d 383 (1980). In holding that the statute requires this one-on-one comparison of negligence, the Court expressly rejected the contrary "unit" rule of comparison, which would allow a plaintiff to recover from any negligent defendant so long as the plaintiff's negligence is less than the combined negligence of all the defendants. *Id.* Thus, in those cases in which the negligence of codefendants is merely concurrent, our Supreme Court consistently has held that each tortfeasor's negligence is compared separately. *See Odenwalt,* 102 Idaho at 5, 624 P.2d at 387; *Ross v. Coleman Co.,* 114 Idaho 817, 761 P.2d 1169 (1988). The question presented in this case, however, is whether an employee's negligence is imputed to the employer in applying the comparison provisions of the statute.

## 2. Vicarious Liability

■ We turn, then, to Krueger's contention that he is not responsible for Parker's negligence. Krueger acknowledges that, as an employer, he is vicariously liable for the torts of his employees. He submits, however, that such liability attaches only if the employee is determined legally liable for damages. Because Parker is not liable to the Adamses, he continues, he cannot be held vicariously liable for her negligent acts.

We would readily accept Krueger's argument if the relationship between himself and nurse Parker was that of an insurer to its insured. It is not. Krueger and Parker stand in relation as master and servant, whereby the *negligent acts* of the servant, or employee, are imputed to the master, or employer, under the doctrine of respondeat superior. *Smith v. Thompson,* 103 Idaho 909, 655 P.2d 116 (Ct.App.1982). *See* PROSSER AND KEETON ON TORTS § 72, at 516 (5th ed. 1984). *See also Ross,* 114 Idaho at 832, 761 P.2d at 1184 (*citing* 58 AM.JUR.2D *Negligence* § 458 (1971)). The historical and economic genesis of the doctrine of respondeat superior, or vicarious liability, lies in the fact that the tort is brought about in the course of an undertaking for the benefit of the master, and that the master possesses the right to control the servant's course of conduct as well as the result to be accomplished through such conduct. *See Mathauser v. Hellyer,* 98 Idaho 235, 560 P.2d 1325 (1977); *Whalen v. Zinn,* 60 Idaho 722, 96 P.2d 434 (1939); *State ex rel. Dept. of Labor and Indus. Services v. Hill,* 118 Idaho 278, 796 P.2d 155 (Ct.App.1990). *See also* RESTATEMENT (SECOND) OF AGENCY §§ 216 and 219 comment a (1958). Because the "employment" is a factor causing the tort, the law regards the business as a unit and deals with the act of any member of it as the act and responsibility of its principal, the employer.[6]

---

**4.** The 1987 amendment included references to comparative responsibility and, in particular, added the sentence, "Nothing contained herein shall create any new legal theory, cause of action, or legal defense." *1987 Idaho Sess.Laws,* ch. 278, § 2, p. 571.

**5.** Idaho is one of the few jurisdictions to follow the individual rule. Only six other states currently follow it: Maine, Minnesota, Nebraska, South Dakota, Tennessee and Wisconsin. However, a few jurisdictions have adopted modified versions of the rule. *See* 2 A. BEST, COMPARATIVE NEGLIGENCE § 13.10[2][d] (1991).

**6.** "[I]t would be unjust to permit an employer to gain from the intelligent cooperation of others without being responsible for the mistakes, the

■ The enactment of our comparative negligence law has not changed the basic principle of vicarious liability. While the quantum of causal negligence attributable to a party is a factual matter determined by the jury, the application of legal principles remains the role of the court. *Ryals v. Broadbent Dev. Co.*, 98 Idaho 392, 394, 565 P.2d 982, 984 (1977). Thus, although the statute instructs the court to compare the quantum of negligence of the *"person seeking to recover"* with that of the defendant, I.C. §§ 6–801 and 6–802 (1986 Supp.), tort and agency law may require that the court charge an individual plaintiff with the negligence of another, even though the plaintiff has played no active role in bringing about the harm. Here, for example, in applying the comparative negligence provisions to Patrick Adams—to whom the jury attributed no negligence—the court properly imputed DiAnn's negligence to him because, under common law, Patrick's loss of consortium claim is wholly derivative from DiAnn's right of action against the defendants. *See Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 690 P.2d 324 (1984). Similarly, in an heir's action for wrongful death, the negligence of the decedent is imputed to the plaintiff. *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976).

We further note that in other individual-rule jurisdictions, notably Wisconsin,[7] the courts have attributed the negligence of one person to another where the duty owed the injured plaintiff "was joint, the opportunity to protect was equal, and as a matter of law neither the obligation nor the breach was divisible." *Mariuzza v. Kenower*, 68 Wis.2d 321, 228 N.W.2d 702, 705 (1975) (*citing Reber v. Hanson*, 260 Wis. 632, 51 N.W.2d 505, 508 (1952)). *See also Krengel v. Midwest Automatic Photo, Inc.*, 295 Minn. 200, 203 N.W.2d 841 (1973) (agency principles applied in treating the negligence of individual members of a joint

venture in the aggregate). *See also* V. SCHWARTZ, COMPARATIVE NEGLIGENCE § 16.6 (2nd ed. 1986); *Maselli v. Ginner*, 119 Idaho 702, 809 P.2d 1181 (Ct. App.1991) (*citing* PROSSER AND KEETON, *supra*, § 72.). As noted by one treatise author,

Comparative negligence, in and of itself, has not changed these basic principles [of imputed negligence]. When negligence is apportioned in the presence of vicarious liability, the master bears the burden of his servant's negligence. *If the master has been partially at fault, the percentage of negligence attributed to the servant is added to the percentage attributed to the master.*

SCHWARTZ, *supra*, § 16.1, at 253 (emphasis added).

In the present case, it was undisputed that Krueger and Parker stood in relation as master and servant and that Parker, at all relevant times, acted within the scope of her employment. Consequently, her negligence was properly charged, or attributed, to Krueger in applying the comparative negligence statute. Accordingly, we find no error.

### 3. Indemnity

■ Krueger contends that the effect of the district court's judgment is to render him liable for Parker's negligence without affording him any right of recourse against her, which should be available in the employer-employee context. It is true Leila Parker's nonliability to the Adamses removes her from the purview of Idaho's contribution statute. I.C. § 6–803 (1986 Supp.); *Holve v. Draper*, 95 Idaho 193, 195, 505 P.2d 1265, 1267 (1973) (the scope of the contribution among joint tortfeasors statute is determined by joint and several *liability* rather than joint or concurring negligence). However, Krueger's common-law right to *indemnification* is unaffected by

errors of judgment and the frailties of those working under his direction and for his benefit." RESTATEMENT, *supra* § 219 comment a.

7. The Idaho Supreme Court has held that the legislature adopted our comparative negligence statute from Wisconsin and thus we are to "follow the interpretation which the Wisconsin Supreme Court had placed on their comparative negligence statute prior to 1971." *Odenwalt*, 102 Idaho at 5, 624 P.2d at 386.

the statute. *See* I.C. § 6–804(2) [8]; *Chenery v. Agri–Lines Corp.*, 106 Idaho 687, 682 P.2d 640 (Ct.App.1984). Accordingly, Krueger still may pursue a third-party action to recover from Parker her relative share, *i.e.*, approximately 80% of each plaintiffs' reduced damages.

For the above-stated reasons, we affirm the judgment awarding the Adamses damages against Krueger. Our conclusion renders moot one of the issues raised by the Adamses in their cross-appeal. They asserted that, had the trial court's application of the statute been in error, its corresponding instruction to the jury would also have been in error, requiring that we vacate the judgment and remand the case for a new trial on the issue of liability. We need not now address this issue.

### COSTS

We turn now to the issue of costs. The Adamses challenge the district court's order disallowing costs,[9] asserting that the court erred in determining there was no "prevailing party" in this case. The Adamses argue they were the prevailing parties in the action below by virtue of the $15,300 judgment in their favor, and are entitled to an award of their costs.

■ The Idaho rules of civil procedure provide that if a judgment is entered in favor of multiple parties or co-parties, costs shall be allowed to each "prevailing party" unless the court otherwise directs. I.R.C.P. 54(d)(2). We note, however, that the identification of a prevailing party rests within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. *Chadderdon v. King*, 104 Idaho 406, 659 P.2d 160

(Ct.App.1983). In exercising its discretion, the trial judge is to consider the final judgment or the result obtained in the action, whether there were multiple claims or issues, and the extent to which each of the parties prevailed on those issues. I.R.C.P. 54(d)(1)(B); *Bodine v. Bodine*, 114 Idaho 163, 754 P.2d 1200 (Ct.App.1988).

■ Here, it is clear that the Adamses proved their negligence claims and recovered a money judgment. However, as the district court recognized, the defendants also proved their affirmative defense of comparative negligence, thereby reducing their ultimate liability to the Adamses by nearly one-half. Additionally, the defendants prevailed on the Adamses' punitive damage claim, which the court dismissed at the close of plaintiffs' case. In view of the parties' respective pleadings and the outcome of the case, the district court determined that each of the parties had prevailed, in part, and had in part failed, and decided there was no overall prevailing party. *See Ruge v. Posey*, 114 Idaho 890, 761 P.2d 1242 (Ct.App.1988); *Jones v. Whiteley*, 112 Idaho 886, 736 P.2d 1340 (Ct.App. 1987). Based upon the record before us, we conclude that the trial court exercised its discretion consistent with the factors contained at I.R.C.P. 54(d)(1)(B). Accordingly, we affirm the order disallowing costs.

### CONCLUSION

In conclusion, we affirm the judgment against Krueger awarding damages to the Adamses. We further uphold the order disallowing costs at trial. No fees awarded

---

**8.** Idaho Code § 6–804(2) expressly provides that nothing in the comparative negligence statutory scheme was to affect "[a]ny right of indemnity under existing law." A common-law action for indemnity may be based on a theory that the indemnitee was only vicariously liable for the causal negligence of his employee. *May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 543 P.2d 1159 (1975). *See also Griggs v. Safeco Ins. Co. of America*, 103 Idaho 790, 654 P.2d 378 (1982) ("implied indemnity" is an equitable principle based upon the general theory

that one compelled to pay for damages caused by another should be able to seek recovery from that party).

**9.** Although the Adamses' argument mentions attorney fees as well as costs, the record below reflects only a claim filed by the Adams ·to recover their costs, without delineating any basis for an award of fees. Accordingly, we will not consider the issue of fees, on this appeal.

on appeal. Costs to respondents, the Adamses.

SWANSTROM, J., and HART, J. Pro Tem., concur.