856 P.2d 864

**DiAnn ADAMS and Patrick Adams, husband and wife, Plaintiffs–Respondents–Cross Appellants,**

v.

**Phillip M. KRUEGER, M.D., Defendant–Appellant–Cross Respondent,**

and

**Leila Parker, Nurse Practitioner, Defendant–Cross Respondent.**

**No. 19600.**

Supreme Court of Idaho,
Boise Term, November 1992.

March 30, 1993.

Quane, Smith, Howard & Hull, Boise, for appellant-cross-respondent Krueger and cross-respondent Parker. Richard L. Stubbs, argued.

Wilson & Carnahan, Boise, for respondents-cross-appellants DiAnn and Patrick Adams. Debrha J. Carnahan argued.

BISTLINE, Justice.

DiAnn Adams went to Dr. Krueger's office for the purpose of diagnosis and treatment. She was initially examined by Krueger's nurse-practitioner, Leila Parker. Parker diagnosed DiAnn as having genital herpes. Krueger later prescribed an oint-

ment to help relieve the symptoms of genital herpes. Some time later, DiAnn consulted another doctor and was advised that she did not have herpes but rather a severe yeast infection.

DiAnn and her husband, Patrick, filed a malpractice complaint for damages, naming as defendants both Krueger and Parker. The alleged Parker malpractice was in failing to correctly diagnosis and treat DiAnn's condition. Krueger's malpractice was founded on assertions of his failure either to examine DiAnn or to review Parker's diagnosis and treatment plan. The complaint sought both actual and punitive damages.

Krueger and Parker's answer to the complaint asserted that DiAnn's own negligence caused or contributed to her injury. They admitted, however, that Parker was Krueger's employee and was acting within the scope of her employment when the alleged malpractice occurred.

The cause was tried before a jury. The court in instructing the jury submitted a special verdict form requiring the jury to make findings ascertaining the actual percentage of negligence attributable to any of the individual parties, and to then determine the total damages sustained by the Adamses. The court also gave an instruction informing the jury that the plaintiffs would recover nothing if it found DiAnn more than 50% negligent, but that the plaintiffs would recover from one or both defendants if it determined that DiAnn's negligence "is less than 50% and the total of the Defendants' negligence is more than 50%." The jury found Parker 41% negligent, Krueger 10% negligent, and DiAnn Adams 49% negligent. The jury awarded DiAnn Adams $28,000 in damages and Patrick Adams $2,000 in damages.

The district court determined Krueger to be 51% negligent, reasoning that Krueger was responsible for the negligence of his employee, Parker. The district court also imputed DiAnn Adams's negligence in considering Patrick Adams's award. The court accordingly entered a judgment against Krueger, awarding DiAnn and Patrick Adams 51% of their sustained dam-

ages. Thereafter, the court denied costs to the plaintiffs.

Krueger, on his appeal from the monetary judgment in favor of the Adamses argues his negligence should not have been combined with Parker's negligence. The plaintiffs cross-appealed from the district court order denying them costs and attorney fees.

This Court assigned the cause to the Court of Appeals where both the judgment and the order regarding attorney fees and costs were affirmed. On Krueger's petition we granted review and heard oral argument. After due consideration of the appellate record and the oral argument, we affirm the district court and adopt the reasoning of the Court of Appeals, at 97, 856 P.2d 887.

## ISSUES ON APPEAL

1. Did the district court err in imputing Parker's negligence to her employer, Krueger, by applying the comparative negligence statute in effect at the time this case arose?

2. Did the district court abuse its discretion in not awarding costs and attorney fees to the Adamses?

## DISCUSSION

*1. The district court properly imputed Parker's negligence to Krueger under the doctrine of respondent superior.*

■ In Idaho, the legislature has adopted the so-called "individual rule" of comparative negligence. That is, in those cases where the negligence of co-defendants is merely concurrent, each defendant's negligence is compared separately. I.C. § 6–801; *Ross v. Coleman Co.,* 114 Idaho 817, 761 P.2d 1169 (1988). Thus, Krueger argues that he is not individually liable because the jury found him to be only 10% negligent. He further contends that he cannot be held responsible for his employee's actions because she was found to be 41% negligent where in contrast DiAnn Adams was found to be 49% negli-

gent. In other words, Krueger contends that because the employee is not individually liable the employer cannot be vicariously liable.

 As noted above, we adopt the well-reasoned opinion written by Chief Judge Walters:

> We would readily accept Krueger's argument if the relationship between himself and nurse Parker was that of an insurer to its insured. It is not. Krueger and Parker stand in relation as master and servant, whereby the *negligent acts* of the servant, or employee, are imputed to the master, or employer, under the doctrine of respondeat superior. *Smith .v. Thompson*, 103 Idaho 909, 655 P.2d 116 (Ct.App.1982). *See* PROSSER AND KEETON ON TORTS § 72, at 516 (5th ed. 1984). *See also Ross*, 114 Idaho at 832, 762 P.2d at 1184 (*citing* 58 AM. JUR.2D *Negligence* § 458 (1971)). The historical and economic genesis of the doctrine of respondeat superior, or vicarious liability, lies in the fact that the tort is brought about in the course of an undertaking for the benefit of the master, and that the master possesses the right to control the servant's course of conduct as well as the result to be accomplished through such conduct. *See Mathauser, v. Hellyer*, 98 Idaho 235, 560 P.2d 1325 (1977); *Whalen v. Zinn*, 60 Idaho 722, 96 P.2d 434 (1939); *State ex rel Dept. of Labor and Indus. Services v. Hill*, 118 Idaho 278, 796 P.2d 155 (Ct.App.1990). *See also* RESTATEMENT (SECOND) OF AGENCY § 216 and 219 comment a (1958). Because the 'employment' is a factor causing the tort, the law regards the business as a unit and deals with the act of any member of it as the act and responsibility of its principal the employer.

> The enactment of our comparative negligence law has not changed the basic principle of vicarious liability. While the quantum of causal negligence attributable to a party is a factual matter determined by the jury, the application of legal principles remains the role of the court. *Ryals v. Broadbent Dev. Co.*, 98 Idaho 392, 394, 565 P.2d 982, 984 (1977). Thus, although the statute instructs the court to compare the quantum of negligence of the *"person* seeking to recover" with that of the defendant, I.C. § 6–801 and 6–802 (1986 Supp.), tort and agency law may require that the court charge an individual plaintiff with the negligence of another, even though the plaintiff has played no active role in bringing about the harm. Here, for example, in applying the comparative negligence provisions to Patrick Adams—to whom the jury attributed no negligence—the court properly imputed DiAnn's negligence to him because, under common law, Patrick's loss of consortium claim is wholly derivative from DiAnn's right of action against the defendants. *See Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 690 P.2d 324 (1984). Similarly, in an heir's action for wrongful death, the negligence of the decedent is imputed to the plaintiff. *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976).

> We further note that in other individual-rule jurisdictions, notably Wisconsin, the courts have attributed the negligence of one person to another where the duty owed the injured plaintiff 'was joint, the opportunity to protect was equal, and as a matter of law neither the obligation nor the breach was divisible.' *Mariuzza v. Kenower*, [68 Wis.2d 321] 228 N.W.2d 702, 705 (Wis.1975) (*citing Reber v. Hanson*, [260 Wis. 632] 51 N.W.2d 505, 508 (Wis.1952)). *See also Krengel v. Midwest Automatic Photo, Inc.*, [295 Minn. 200] 203 N.W.2d 841 (Minn.1973) (agency principles applied in treating the negligence of individual members of a joint venture in the aggregate). *See also* V. SCHWARTZ, COMPARATIVE NEGLIGENCE § 16.6 (2nd ed. 1986); *Maselli v. Ginner*, 119 Idaho 702, 809 P.2d 1181 (Ct.App.1991) (*citing PROSSER AND KEETON, SUPRA*, § 72). As noted by one treatise author,

> > Comparative negligence, in and of itself, has not changed these basic principles [of imputed negligence]. When negligence is apportioned in the presence of vicarious liability, the mas-

ter bears the burden of his servant's negligence. *If the master has been partially at fault, the percentage of negligence attributed to the servant is added to the percentage attributed to the master.*

SCHWARTZ, *supra,* § 16.1, at 253 (emphasis added.)

In the present case, it was undisputed that Krueger and Parker stood in relation as master and servant and that Parker, at all relevant times, acted within the scope of her employment. Consequently, her negligence was properly charged, or attributed, to Krueger in applying the comparative negligence statute. Accordingly, we find no error.

CA No. 18472, 124 Idaho 97, 100–101, 856 P.2d 887, 890–892 (footnotes omitted).

*2. The district court did not abuse its discretion in denying the Adamses' motion for an award of costs and attorney fees.*

The Adamses contend they should have been awarded costs and attorney fees pursuant to I.R.C.P. 54(d)(2) because they were the prevailing party, having been awarded a judgment of $15,300, and because the defendants denied liability throughout the proceedings and refused to make any offer of settlement. Krueger and Parker note that there is no request by the Adamses for attorney fees in the record; thus, they argue the issue of whether attorney fees should have been awarded has not been preserved for appeal. They further argue that the district court did not err in refusing to award costs.

■ We have searched the record and have not found any request for attorney fees made by the Adamses. There is a plaintiff's memorandum of costs and the district court's order denying costs, but neither document mentions attorney fees. In general, issues presented for the first time on appeal will not be considered. *Sun Valley Shopping Center v. Idaho Power,* 119 Idaho 87, 93, 803 P.2d 993, 999 (1991). Accordingly, we do not consider the attorney fees issue.

■ As to the issue of costs, I.R.C.P. 54(d)(2) provides that "[i]n the event judgment is entered in favor of multiple parties or coparties, costs shall be awarded as a matter of course to each of the prevailing parties unless the court otherwise directs." This rule necessarily requires the court to determine which, if any, party prevailed in the litigation. Idaho Rule Civil Procedure 54(d)(1)(B) provides:

In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third-party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

We have reviewed the trial court's decision and we conclude that the district court did not abuse its discretion in refusing to award costs. Although it is clear that the Adamses prevailed in the sense that they established their negligence claims and recovered a money judgment, the district court recognized that Parker and Krueger proved their affirmative defense of comparative negligence. As the jury found that DiAnn Adams was 49% negligent, the defendants reduced their ultimate liability to the Adamses by that amount. Additionally, the trial court noted that the defendants successfully obtained a dismissal of the punitive damage claim.

Under these facts, we conclude that the trial court did not abuse its discretion in ruling that there was no clearly prevailing party in the cause. Accordingly, neither

**78**

party was entitled to an award of costs. *International Engineering Co. v. Daum Industries,* 102 Idaho 363, 366–67, 630 P.2d 155, 158–59 (1981).

*3. The Adamses are not entitled to attorney fees on appeal.*

The Adamses have requested attorney fees on appeal pursuant to I.A.R. 41 and I.C. § 12–121. This Court has held that an award of attorney fees is proper under those authorities when an appeal has been brought frivolously, unreasonably, and without foundation. *Keller v. Rogstad,* 112 Idaho 484, 489, 733 P.2d 705, 710 (1987). That, however, is not the case here. Dr. Krueger raised a question of first impression under the comparative negligence statute. The answer to that question, due to some ambiguity in the statute, was not obvious. And, although we disagreed with his reading of the statute, we conclude it was reasonable for him to seek a definitive interpretation of the statute by this Court. Accordingly, the request for attorney fees is denied.

### CONCLUSION

The district court's judgment against Krueger is affirmed. The district court's order denying costs to the plaintiffs is also affirmed. The request for attorney fees is denied. No costs are awarded on appeal.

JOHNSON and TROUT, JJ., concur, and REINHARDT and JUDD, JJ., Pro Tems., concur.