965 P.2d 201

Shawna CUNNINGHAM, Rae Del Jensen, Darrell Jensen, Marcia Roberts and Jacki Sorenson, Plaintiffs–Appellants,

v.

Gordon WAFORD, Director of Personnel, and L. Jerry Skaggs, Department of Transportation, in their individual and official capacities; and Board of Trustees, Pocatello School District No. 25, and Joseph Willes, Jr.; Dr. R. Glenn McMinn; Maxine Crow-Shaw; Dr. Kay Merriam, and Dr. Robert Weppner, members of the Board, in their official capacities, Defendants–Respondents.

No. 23390.

Court of Appeals of Idaho.

Aug. 7, 1998.

Review Denied Oct. 23, 1998.

John E. Rumel, Boise, for Plaintiffs-Appellants.

Quane, Smith, Howard & Hull, Pocatello, for Defendants-Respondents. Douglas J. Balfour argued.

LANSING, Chief Judge.

In this appeal, we are asked to determine whether the plaintiffs in a civil rights action that was resolved by a settlement are entitled to recover attorney fees under 42 U.S.C. § 1988 or costs under Idaho Rule of Civil Procedure 54(d). The district court held that the plaintiffs had not achieved a degree of success that would merit an award of attorney fees or costs. For the following reasons, we affirm the district court's decision.

## FACTS AND PROCEDURAL BACKGROUND

In July 1994, the appellants, Shawna Cunningham, Rae Del Jensen, Darrell Jensen, Marcia Roberts and Jacki Sorenson (the bus drivers), instituted an action against the Pocatello School District Board of Trustees and certain employees of the school district (collectively referred to herein as the school district). In their complaint, the bus drivers alleged they were all employed by the school district as school bus drivers and that the school district had violated their right to freedom of association under the First and Fourteenth Amendments of the United States Constitution, their rights under Article 1, § 10 [1] of the Idaho Constitution, and their rights under Idaho Code § 33–517.[2] Each of the claims was based on the assertion that the school district had discriminated against and harassed the bus drivers because of their membership in a labor union, the Pocatello Education Association. The bus drivers sought both injunctive relief and monetary damages on each cause of action.

The school district filed a motion to dismiss the bus drivers' suit and a motion for a partial summary judgment. Both motions were denied. One year later, the school district filed a second summary judgment motion which was also denied. Shortly thereafter the bus drivers and the school district entered into a stipulation for judgment that settled the lawsuit. Under the terms of the stipulation, the drivers agreed to drop their damage claims and the school district, without admitting liability, agreed to entry of an injunction that would prohibit the school district from discriminating against employees because of their union membership or their exercise of rights under state and federal law, including the right to freedom of association and freedom of speech. The school district also agreed that the judgment would require the district: to follow certain procedures when considering or taking disciplinary action against employees or placing adverse information in personnel files, to hold confidential any adverse information placed in the bus drivers' personnel files between December 1992 and the date of judgment and to not use such information in future evaluations of the bus drivers, and to give transportation department employees a meaningful opportunity for input regarding revisions of the School District's transportation department manual. The stipulation also left the question of either party's entitle-

---

1. Article I, § 10 provides:
   The people shall have the right to assemble in a peaceable manner, to consult for their common good; to instruct their representatives, and to petition the legislature for the redress of grievances.

2. Idaho Code § 33–517 outlines the powers and duties of the boards of trustees of Idaho school districts and specifies standards for grievance procedures for noncertified school district employees.

ment to attorney fees for resolution by the court.

Following entry of a judgment on the stipulation, the bus drivers filed a motion seeking attorney fees pursuant to 42 U.S.C. § 1988 and costs pursuant to I.R.C.P. 54(d). Although the district court ruled that the bus drivers were the prevailing party with regard to their federal law claims, it nevertheless denied their motion for attorney fees because it concluded that the bus drivers had obtained only a nominal victory which did not warrant the award of fees. With regard to the claim for costs under I.R.C.P. 54(d), the district court concluded that neither party had prevailed and therefore denied an award of costs. On appeal, the bus drivers contend that the district court abused its discretion in denying their motion for attorney fees under 42 U.S.C. § 1988 and in not granting costs under state law.

## ANALYSIS

### A. The Claim For Attorney Fees Under 42 U.S.C. § 1988

██ The bus drivers' federal cause of action was brought under 42 U.S.C. § 1983, which allows an individual to bring a lawsuit against anyone who, under color of law, deprives the individual of "any rights, privileges, or immunities secured by the Constitution and laws." The bus drivers claim entitlement to attorney fees pursuant to 42 U.S.C. § 1988. That statute provides in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." By terms of this statute, in order to be entitled to an attorney fee award, the bus drivers must demonstrate that they are the "prevailing party."

██ The question of when a party may be deemed to have prevailed within the meaning of § 1988 has generated considerable litigation in the federal courts, including several United States Supreme Court decisions. In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the United States

Supreme Court stated, "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 433, 103 S.Ct. 1933 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir.1978)). This test was later refined in *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988), where the Court held that the entry of a declaratory judgment in a party's favor did not automatically render that party prevailing under § 1988. *Id.* at 3, 109 S.Ct. 202. Rather, the Court stated that a judgment "will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff." *Id.* at 4, 109 S.Ct. 202. Most recently, in *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the Court held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111–112, 113 S.Ct. 566. Hence, a plaintiff seeking characterization as the prevailing party must, at a minimum, identify some favorable change in the defendant's behavior that was prompted by the litigation.

Achieving prevailing party status does not, however, automatically entitle a litigant to an award of attorney fees. Rather, "the degree of the plaintiff's overall success" affects the reasonableness of an attorney fee award. *Id.* at 114, 113 S.Ct. 566. In *Farrar*, the Supreme Court held that in some circumstances, even a plaintiff who has technically prevailed should be granted no attorney fees at all. In that case, the plaintiff, who had sought seventeen million dollars in damages but was awarded only nominal damages following a jury trial, was found to be such a prevailing party. The Court commented, "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at 115, 113 S.Ct. 566.

██Here, the district court concluded that by obtaining the stipulated judgment requiring certain acts on the part of the

school district, the bus drivers had become the prevailing party. Relying upon *Farrar*, however, the court declined to award attorney fees because the bus drivers had recovered no damages and, in the court's view, had prevailed only nominally on their claims for equitable relief. We review this decision for an abuse of discretion. *See Morales v. City of San Rafael*, 96 F.3d 359, 362 (9th Cir. 1996); *Corder v. Brown*, 25 F.3d 833, 836 (9th Cir.1994).

■ The bus drivers initially sought both damages and equitable relief, but abandoned the damages claim as a part of the settlement. This relinquishment of their request for damages does not, of itself, militate against an attorney fee award. Equitable relief alone may warrant fees. Indeed, in *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Supreme Court held that the plaintiffs had prevailed and were entitled to attorney fees under § 1988 where their lawsuit had materially altered the defendant school district's policy limiting teachers' rights to communicate with each other concerning employee organizations and union activities. Similarly, in *Stivers v. Pierce*, 71 F.3d 732, 751–52 (9th Cir.1995), the Ninth Circuit Court of Appeals held that a plaintiff who sued for damages as well as declaratory and injunctive relief but received no damage award was, nevertheless, entitled to attorney fees because the lawsuit was the catalyst that induced the defendants to grant the plaintiff licenses that had previously been denied. Also, in *Wilcox v. City of Reno*, 42 F.3d 550 (9th Cir.1994), the Court held that a district court could properly award attorney fees to a plaintiff who had received a nominal damage award if it could "point to some way in which the litigation succeeded, *in addition* to obtaining a judgment." The Court stated, "If the lawsuit achieved other tangible results—such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects—such results will, in combination with an enforceable judgment for a nominal sum, support an award of fees." *Id.* at 555.

Although the withdrawal of the bus drivers' damage demand is not dispositive, the fact that their claims were resolved by a settlement, without an admission of liability by the school district, is a significant factor that affects their attorney fee request. When equitable relief has been granted *following a trial*, with the court having resolved factual issues, it is ordinarily a comparatively simple task for the court to determine whether the plaintiff "prevailed" and, if so, the extent of that success. The court need only compare the defendant's prelitigation behavior with the actions the defendant is ordered to take by terms of the judgment in order to ascertain the extent to which the defendant's behavior has been modified by the litigation. Unfortunately, this basis for comparison of the prelitigation and post-litigation conduct of the defendant is missing when a claim for injunctive relief is resolved by settlement. Unless the settlement includes an admission of liability or the defendant has otherwise admitted to the alleged wrongful acts (as in discovery responses), it may be impossible for the court to determine whether and to what extent the defendant's conduct has been modified. If the settlement was merely a "nuisance settlement," it should not give the plaintiff a prevailing party status.

Here, the school district contends that it was the damages claim that drove the lawsuit and that immediately upon the bus drivers' expression of a willingness to abandon that claim, the lawsuit was settled. The school district asserts that it would have been willing from the outset to stipulate that it would not violate the constitutional and statutory rights of the bus drivers and other employees because it had never engaged in violation of those rights anyway and did not intend to do so in the future. Therefore, according to the school district, the stipulated judgment effected no significant change in its behavior to the benefit of the bus drivers.

We are constrained to agree with the school district that, on this record, the bus drivers have not shown that the trial court abused its discretion in denying attorney fees. As the party moving for fees, the bus drivers bore the burden to show that the standards for such an award had been met. The parties' settlement stipulation included no acknowledgment of liability by the school

district, and the record does not otherwise contain an admission of unlawful conduct or an admission of past policies and procedures of the school district that can be contrasted with the procedures to which the parties agreed in the stipulation for judgment. In short, the record is devoid of information from which a court can judge the extent to which the settlement accomplished any change in the school district's behavior vis-a-vis the bus drivers or other employees. Such information is essential to determine whether the bus drivers were the "prevailing party" and, if so, to determine the degree of overall success against which the reasonableness of a fee award is to be measured. Under these circumstances, the district court's holding that the bus drivers are the "prevailing party" is somewhat charitable, and its opinion that the bus drivers did not demonstrate the degree of success necessary to merit an award of fees is well taken.

The bus drivers contend the district court's ruling was based on an erroneous belief that in order to qualify for attorney fees, the bus drivers would have to obtain a judgment requiring the school district to do something more than that required of it under constitutional and statutory law. Having reviewed the district court's decision in its entirety, we do not perceive that the court labored under such a misapprehension. The deficiency in this case is not a failure to show that the stipulated judgment required the school district to do more than the law mandates, but a failure to show that the judgment required the school district to do anything significantly different from what it was doing before. On this record, any judicial assessment of the change wrought in the school district's behavior would be sheer speculation.

The bus drivers also contend that the district court erroneously considered provisions of only four paragraphs of the judgment and failed to consider significant relief provided in the remaining paragraphs. This contention, even if accurate, does not call for a reversal, for our analysis is applicable to all of the terms of the judgment benefitting the bus drivers, not just those paragraphs referenced by the district court in its memorandum decision.

## B. State Law Claims—I.R.C.P. 54(d)

■ Next, the bus drivers contend that the district court erred by not declaring them to be the prevailing party and hence entitled to an award of costs under I.R.C.P. 54(d). The determination of who is a prevailing party for purposes of I.R.C.P. 54(d) is committed to the sound discretion of the trial court, I.R.C.P. 54(d)(1)(B); *Deutz–Allis Credit Corp. v. Bakie Logging,* 121 Idaho 247, 256, 824 P.2d 178, 187 (Ct.App.1992); *Decker v. Homeguard Systems,* 105 Idaho 158, 161, 666 P.2d 1169, 1172 (Ct.App.1983), and will not be disturbed absent an abuse of that discretion. *Deutz–Allis, supra; Decker, supra.*

■ The test used to determine who is the prevailing party in a civil action is different under state law than under the federal law discussed above. Under state law, a court is not instructed to determine whether the plaintiff obtained at least some relief which altered the defendant's behavior, *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); instead, the court must "consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims [or] multiple issues, ... and the extent to which each party prevailed upon each ... such issue or claim[ ]." I.R.C.P. 54(d)(1)(B). In *Adams v. Krueger,* 124 Idaho 74, 856 P.2d 864 (1993), the Idaho Supreme Court held that a district court did not abuse its discretion in determining that there was no clearly prevailing party in an action where both parties prevailed in some aspects. *Id.* at 77, 856 P.2d at 867. The Court ruled that under those circumstances it was appropriate for each party to pay its own costs and fees. *Id.*

In the present case the district court concluded that neither party had prevailed, and therefore declined to award costs to either. The court stated:

> Upon examination of the outcome of the various issues in this case, this Court finds that there is no prevailing party. Although [the bus drivers] were marginally successful on [their] permanent injunction claims, [they] did not prevail on [their]

damage claim nor on [their] request for a preliminary injunction. Even on [their] permanent injunction claims, [the bus drivers] did not clearly prevail. [The school district] was successful in preventing any damage claims and defeating a preliminary injunction, but [it] did surrender some of its position on the permanent injunction. Based on the uncertain result of the settlement and the fact that there was no determination of fault in the settlement, this Court can only conclude that no prevailing party exists in this litigation.

We conclude that the district court correctly applied applicable legal standards and did not abuse its discretion in reaching this decision. Consequently, we affirm.

### C. Attorney Fees On Appeal

Lastly, we consider the school district's request for attorney fees on appeal pursuant to I.C. § 12–121. Attorney fees may be awarded under that statute to the prevailing party on appeal when the appeal has been "brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). However, such an award in not appropriate where an appeal presents a genuine issue of law for review. *Gillingham v. Swan Falls Land & Cattle Co.,* 106 Idaho 859, 863, 683 P.2d 895, 899 (Ct.App. 1984). In this case, the bus drivers raised legitimate legal questions for our consideration, and therefore we will not award attorney fees to the school district.

### CONCLUSION

We affirm the decision of the district court denying the bus drivers' requests for attorney fees under 42 U.S.C. § 1988 and for costs under I.R.C.P. 54(d). Costs on appeal, but not attorney fees, are granted to respondents.

PERRY and SCHWARTZMAN, JJ., concur.